[EDITORS' NOTE: THIS PAGE CONTAINS HEADNOTES. HEADNOTES ARE NOT AN OFFICIAL PRODUCT OF THE COURT, THEREFORE THEY ARE NOT DISPLAYED.] *Page 27 
[EDITORS' NOTE: THIS PAGE CONTAINS HEADNOTES. HEADNOTES ARE NOT AN OFFICIAL PRODUCT OF THE COURT, THEREFORE THEY ARE NOT DISPLAYED.] *Page 28 
[EDITORS' NOTE: THIS PAGE CONTAINS HEADNOTES. HEADNOTES ARE NOT AN OFFICIAL PRODUCT OF THE COURT, THEREFORE THEY ARE NOT DISPLAYED.] *Page 29 
[EDITORS' NOTE: THIS PAGE CONTAINS HEADNOTES. HEADNOTES ARE NOT AN OFFICIAL PRODUCT OF THE COURT, THEREFORE THEY ARE NOT DISPLAYED.] *Page 30 
The right of action of the plaintiff depended upon the performance by him of a condition precedent, to wit, the keeping of at least twenty cows for the dairying business during the season of 1846, and delivering the butter made therefrom to the defendant at the time and place specified in the agreement. The plaintiff was bound to aver and prove a fulfilment of such condition or some excuse for the non-performance; and if an excuse was relied upon, he should have averred his readiness to perform, and the particular circumstances which constituted such excuse. (1 Chit. Pl. Springf. ed. of 1844, 321, 326.)
A performance of the condition precedent having been voluntarily assumed by the plaintiff, could only be dispensed with or prevented by the opposite party; and would not be excused, although it had become impossible without any default on the part of the plaintiff. (Carpenter v. Stevens, 12 Wend. 589; Moakley v. Riggs, 19 John. 69.)
Whenever a party by his own contract creates a duty or charge upon himself, he is bound to make it good, if he may *Page 31 
notwithstanding any accident by inevitable necessity, because he might have provided against it by his contract. (Aleyn, 27;Pr. Ld. Ellenborough in Atkinson v. Ritcher, 10 East, 530;Com. Dig. Action upon the Case upon Assumpsit, G.; Id. ConditionD. 1; 6 Petersd. Abr. 216; Shubrick v. Salmon, 3 Burr. 1637; Barker v. Hodgson, 3 M.S. 267; The Com. ofBrecknock v. Pritchard, 6 T.R. 750.) The plaintiff has sought to entitle himself to recover, by averring that he did keep a large number, to wit, twenty cows for the dairying business during the season of 1846, and the court below have decided that this averment was sustained by the evidence. The proof was, that the dairying season commences in April and ends during the month of November, and when cows begin feeding on hay; that the plaintiff in the spring put twenty cows on his farm, three of which became dry about the first of September, and two others from the first to the fifteenth of October. The five were disposed of and their places were not supplied. The quantity of butter of course depended upon the number of cows from which it was made, and there was evidence offered to show that the value in market of butter made from a dairy of twenty cows was greater than that made from fifteen cows.
It will be observed that the covenant of the plaintiff does not refer to any particular cows; but is to the effect that he will keep twenty or more; that is, at least twenty cows for dairying business; and in this he covenants that they shall be reasonably suitable for dairy purposes, that is, milch cows, and when they ceased to give milk they were no longer within the condition of the contract. The covenant was coextensive with the season, and a failure to perform it at the latter part of the season was as much a violation of its letter and spirit as would have been a failure in the earlier part. The agreement was to keep the entire number during the entire season, and a strict performance was a condition precedent to his right to recover of the defendant, who could not be compelled to receive and pay for the butter made from any less number of cows. (Page v. Ott, 5 Denio, 406;Smith v. Briggs, 3 id. 73.) Had the party desired *Page 32 
to protect himself against the contingency of the failure of any of the twenty cows which he should procure, or his inability to supply the places of any that should die or cease to be suitable for dairy purposes before the close of the season, or his inability to supply pasturage for so large a number, and still hold the defendant to the performance of his part of the contract, he should have made provision for it in the agreement.
Having undertaken to keep the complement of twenty cows during the season, it was his duty in the first instance to provide such as would probably answer the purposes of the contract, and if any by an unforeseen contingency should fail or die, to supply their places within a reasonable time. A keeping of twenty cows for three months and fifteen for the next three months, is not literally or substantially keeping the first number for the whole six months. The contract cannot be otherwise construed than if the defendant had undertaken to pay a gross sum for the butter to be made from a given number of cows, and under such a contract it would not be claimed that the dairyman could provide the whole number of cows, of such as would become dry in the midst of the season, and still compel a performance by the defendant. This case is in principle somewhat like Beatson v. Schank, (3East, 233,) in which it was held that the party who took upon himself to keep on his vessel a certain number of hands, was bound to provide against the contingency of any of them dying, as by taking an extra number on board. (See also Inman v. WesternFire Ins. Co., 12 Wend. 452.)
The plaintiff in this case, by the exercise of proper care in making his purchases in the spring, could have guarded against the contingency which eventually deprived the defendant of the butter to which he was entitled; and if he preferred such cows as would give milk a part of the season and then make beef in the fall, and the consequence has been that he has been unable to perform his contract with the defendant, he has sustained no injury, and no action will lie against the defendant.
In Pike v. Butler, (4 Comst. 360,) which was a suit in equity, the equities of the plaintiff were much stronger than in *Page 33 
this case, and yet the court held that he was not entitled to any relief, and dismissed his bill with costs.
The plaintiff did not prove a substantial performance of this part of the contract, and the performance was not dispensed with or prevented by the defendant. The evidence did not tend to establish an excuse for non-performance, even if under the pleadings, an excuse could have been shown. Upon the merits, therefore, and upon all the evidence the motion for a nonsuit should have been granted. But under an averment of performance as in this case, evidence in excuse of non-performance was not admissible and should have been excluded. (Crandall v. Clark,
7 Barb. 169; Baldwin v. Munn, 2 Wend. 399; Phillips v.Rose, 8 John. 392; Freeman v. Adams, 9 id. 115;Fleming v. Gilbert, 3 id. 528; Little v. Holland, 3T.R. 590; 1 Ch. Pl. 321, 326.)
This point is fatal to the plaintiff, and renders it unnecessary to examine the other questions made on the trial.
The judgment of the supreme court should be reversed, and a new trial ordered, costs to abide the event.