## WOOD *v.* LONG and Another.

COVENANT.—WHERE ACCIDENT EXCUSES.—Suit by A against B and his
surety, upon an arbitration bond. The award provided that B should re-
convey to A certain real estate, and that on a future day fixed he should
deliver to A, in good working order, a steam saw-mill situated on the land
so to be re-conveyed. The breach assigned was that the boiler of the mill
had exploded before the surrender thereof to A, to the damage of the
plaintiff, &c.

*Held,* that the explosion of the boiler, though accidental, did not discharge
B from his obligation to deliver the mill in good order.

APPEAL from the *Gibson* Circuit Court.

ELLIOTT, J.—Suit by *Wood* against *Long* and *Trippet* on
an arbitration bond. The court sustained a demurrer to
the complaint, and rendered a judgment for the defendant
for costs. *Wood* appeals.

It is alleged in the complaint, that the defendants exe-
cuted and delivered to the plaintiff the bond sued on, which
recites that a controversy had arisen between *Wood* and
*Long,* relative to a certain trade made by them, embracing
incumbrances on certain real estate in *Knox* county, owned
by *Long,* and certain real estate in *Gibson* county, and a
steam saw-mill and its appurtenances, and one portable
grist-mill, owned by *Wood,* and that the parties had agreed
to submit the matters in difference to arbitrators, who are
named. The condition of the bond is that *Long* should
abide and perform the award. *Trippet* executed the bond
as the surety of *Long.*

It is further averred that the arbitration was had and an
award duly made by the arbitrators, which is set out.
Among other things, the arbitrators awarded that *Long*
should re-convey to *Wood* certain real estate (which is de-
scribed), "provided that said *Long* shall hold and retain
possession of the said steam saw-mill and its appurtenances,
and, also, a portable grist-mill, until the 1st day of *April,*
1867, at which time the said *Long* shall deliver to the said
*Wood* said steam saw-mill and portable grist-mill, and their

appurtenances, all in working order." It was also awarded that *Wood* should re-convey to *Long* certain real estate in *Knox* county, and deliver up to him a note for $100.

The complaint alleges that *Wood* has performed the award, in all things, on his part, and that *Long* delivered to the plaintiff the steam saw-mill and its appurtenances, and, also, the said portable grist-mill, before the said 1st day of *April*, 1867, but that the machinery thereof was not in working order; that the boiler of the steam saw-mill had exploded before the day of delivery, and thereby the furnace, steam-pipe, safety-valve, breaching, and other parts thereof were injured; that by reason of the failure of said *Long*, the plaintiff was injured and sustained damages in the sum of $2,000, for which he prayed judgment.

Do the facts alleged in the complaint constitute a good cause of action? Under the rules of pleading, it was not necessary that the plaintiff should have stated in the complaint the reason why the steam saw-mill was not delivered to him in "working order." It would have been a sufficient breach to allege that *Long* failed to deliver it at the time specified, in "working order," as required by the award, leaving the defendant to set up in his answer any reason therefor constituting a defense; but as the plaintiff saw fit to state the reason in the complaint, he must abide by it; and if the reason so stated is a valid one, as a defense to the action, then the complaint is bad. It will be observed that it is not alleged that the explosion of the boiler was caused by any negligence or misconduct of the defendant; and this presents the real point in controversy in the case. It is insisted by the appellee that he is excused from liability on his bond, for the injury to the machinery of the mills, caused by the accidental explosion of the boiler, in consequence of which he could not deliver the same in "working order," and that as it is not claimed that the explosion was caused by any negligence or fault on his part, he was not bound to repair the machinery. This

is the view that seems to have been taken of the question by the Circuit Court.

No authority directly in point is referred to by the appellee's counsel, but it is insisted in argument that the appellee's liability is governed by the law regulating the relation of landlord and tenant, and that a tenant is not bound to rebuild premises occupied by him, when accidentally destroyed, without an express covenant to repair, and they cite *Gibson* v. *Eller*, 13 Ind. 124; *Wainscott* v. *Silvers*, *id.*, 497; *Warner* v. *Hitchins*, 5 Barb. 666.

In *Gibson* v. *Eller, supra*, there was a sale and conveyance of land, with an agreement that the vendor should hold possession and use the property until the vendee sold it, the vendor covenanting then to give up the premises in as good repair as when the vendee purchased them, upon the payment of a balance of the purchase money. The buildings on the premises were destroyed by fire during the occupancy of the vendor, and, as the complaint alleged, by his negligence and misconduct. It was held, under the agreement, that the relation of landlord and tenant existed, but as the building was destroyed by the negligence of the vendor, he was bound to rebuild.

It was insisted in that case that the vendor, who occupied the relation of a tenant, was not bound to rebuild, in the absence of an express covenant to repair. In answer to that position, it was said by the court, that this construction would be correct in its application to that case, had the buildings been consumed accidentally.

*Warner* v. *Hutchins, supra*, was an action of covenant on a lease, in which the lessee agreed to surrender the premises at the expiration of the term, in as good condition as they were at the date of the lease, natural wear excepted. During the tenancy, the buildings on the premises were accidentally destroyed by fire. Held, there being no covenant to repair or rebuild, that the lessee was not bound to replace the buildings.

It is said in the opinion of the court, that "the stipula-

tion to repair is the proper one, where the lessee assumes to keep and make the premises good, from whatever cause the injury may arise, whether from unavoidable accident or negligence. And the covenant to surrender in the same condition is adopted when the object is to secure the utmost care and diligence of the lessee in protecting and preserving the property." The law, from considerations of public policy, favors lessees, and the rule of construction enunciated above is more particularly applicable to that class of cases, and can scarcely be made to apply to any other.

We are also referred to the case of *Oakley* v. *Morton*, 11 N. Y. 25. But the rulings in that case, so far as they apply to the question under consideration here, are against the position of the appellee. There no question was presented involving the relation of landlord and tenant, and it was held that the performance of a condition precedent would not be excused, although it had become impossible, without any default on the part of the plaintiff; that "whenever a party, by his own contract, creates a duty or charge upon himself, he is bound to make it good, if he may, notwithstanding any accident by inevitable necessity, because he might have provided against it by his contract." See, also, Chitty on Contracts, 734.

In the case before us, the relation of landlord and tenant did not exist between *Wood* and *Long* by virtue of the award. The award is virtually a rescission of a previous contract between the parties. It required *Long* to re-convey certain real estate to *Wood*, but provided that *Long* should retain possession of the steam saw-mill and its appurtenances, and also the portable grist-mill, until the 1st day of *April*, 1867; at which time the award required him to deliver them to *Wood*, "all in working order." That they should be delivered "all in working order," is a positive and unconditional requirement of the award. It is too plain to admit of construction. No reference is made in the award to the condition of the mills and machinery at its

date; it simply and plainly requires that they should be delivered to *Wood* on the 1st day of *April*, 1867, in working order.

It is averred in the complaint that they were not delivered in that condition. *Long* was authorized to retain the possession for his own use until the time fixed for their delivery to *Wood*. And the fact stated in the complaint, that they were greatly injured before the time of delivery by the explosion of the boiler, did not excuse *Long* from complying with the terms of the award. The question of negligence is not involved. *Long* was bound to repair, so as to deliver the mills in working order.

We think the complaint shows a good cause of action, and that the court erred in sustaining the demurrer.

The judgment is reversed, with costs, and the cause remanded, with instructions to the Circuit Court to overrule the demurrer to the complaint, and for further proceedings.

*C. Denby* and *W. M. Land*, for appellant.

*A. C. Donald* and *O. M. Welborn*, for appellees.