ANNIE HAZZARD, AS EXECUTRIX OF THE LAST WILL AND TESTAMENT OF EDWARD J. HAZZARD, DECEASED, RESPONDENT, *v.* ANNA P. HOXSIE, APPELLANT.

*Contract for publication on three theatre programs —terminates on the closing of one of the theatres.*

This action was brought upon a contract by which the defendant agreed to pay to the plaintiff's testator the sum of " $8.50 per week for publishing my (the defendant's) advertisement in the Fifth Avenue, Union Square and Lyceum Theatre programs, to occupy one inch on program page for the theatre season." The season of the Fifth Avenue Theatre closed on the 28th day of May, the season of the Union Square Theatre on the 9th day of July, and the season of the Lyceum Theatre on the 16th day of July, 1887.

*Held*, that the contract was an entire contract, and not susceptible of apportionment, and terminated on the 28th day of May, 1887, when the Fifth Avenue Theatre closed.

That when it became impossible for the plaintiff to comply with the provisions of the contract, by publishing the advertisement on the programs of all the three theatres, the contract terminated.

APPEAL from a judgment directed by the court in favor of the plaintiff upon a trial at the New York Circuit, which was entered in the office of the clerk of the county of New York on the 22d day of January, 1889.

*James Flynn,* for the appellant.

*F. Solinger,* for the respondent.

VAN BRUNT, P. J.:

This action is brought upon a contract of which the following is a copy:

"$8.50 per week.        "NEW YORK, *September* 23, 1886.

"I hereby agree to pay Edward J. Hazzard the sum of $8.50 per week for publishing my advertisement in the Fifth Avenue, Union Square and Lyceum Theatre, to occupy one inch on program page for the theatre season. Season 1886, 1887.

                     "ANNA P. HOXSIE."

The cause of action alleged was for the publication of the advertisement for the period commencing May 1, 1887, until the end of the theatrical season of the theatres, respectively. The season of the Fifth Avenue Theatre closed on the 28th of May, 1887, and the plaintiff in the complaint made an allowance of two dollars and fifty cents per week therefor, and the season of the Union Square Theatre having ended on the ninth of July, another allowance of two dollars and fifty cents was made, and the season of the Lyceum Theatre ending on the sixteenth of July, only three dollars was charged and claimed for the last week. In her answer the defendant denied each and every allegation in the complaint, and alleged that the theatrical season ended on the 1st of May, 1887, in support of which allegation no proof was offered. It is clear that the contract in question was an entire contract, and there is no authority for an apportionment. Either it ended with the closing of the Fifth Avenue Theatre or it continued in its entirety until the closing of the Lyceum Theatre. The contract was performed until the clos-

ing of the Fifth Avenue Theatre on the 28th of May, 1887, and payment was made thereon up to the 1st of May, 1887. And the question arises as to whether any recovery can be had upon this contract subsequent to the twenty-eighth of May, the time of the closing of the Fifth Avenue Theatre. It is clear from a reading of this contract that it was the intention of the parties that the defendant was to pay eight dollars and fifty cents for the publication of her advertisement in the programs of the three theatres; and when it became impossible for the plaintiff to comply with the provisions of the contract by publishing in the three programs, it seems to be equally clear that the contract terminated, as it evidently was not the intention of the parties that the defendant was to pay eight dollars and fifty cents a week for the publication in either one or two of these programs. The contract being an entirety, therefore, terminated upon the closing of the theatrical season of the Fifth Avenue Theatre, because subsequent to that time, as already stated, the plaintiff could not comply with the contract to publish in the three programs. There is no ground upon which there could be any apportionment, because we do not know which was considered the most valuable by the advertiser, nor whether she would have desired to have continued the advertisement in two of the three publications. It seems, therefore, that the most favorable construction for the plaintiff which can be placed upon this contract is, that it terminated on the 28th of May, 1887, when the Fifth Avenue Theatre closed, and it became impossible longer to continue the performance of the contract by publication in the programs issued by the three theatres mentioned in the contract. It appears, therefore, that the learned court below took an erroneous view of the contract, and instead of directing a verdict for the amount which he did, should only have directed a verdict for thirty-seven dollars and twenty-five cents, the amount due on the contract on the 28th of May, 1887.

The judgment appealed from should be reversed and a new trial ordered, with costs to the appellant to abide the event.

BRADY and DANIELS, JJ., concurred.

Judgment reversed and new trial ordered, with costs to the appellant to abide the event.