### Fox v. Satterlee et al.

*(Supreme Court, General Term, First Department.     February 14, 1890.)*

CONTRACTS—DEPENDENT COVENANTS—ACTION FOR BREACH.

    Plaintiff and defendants, insurance brokers, entered into an agreement whereby plaintiff was to pass all the railroad insurance thereafter procured by him through the office of defendants, who were to place it in the companies represented by them. It was further agreed that the parties should not under any circumstances compete with each each other for insurance on roads already placed by them. *Held*, that the covenants were dependent, and that, in an action for breach of the latter agreement, plaintiff was bound to allege and prove performance of his covenant to pass through defendants' office the insurance procured by him after date of the contract.

Appeal from circuit court, New York county.

Action by Watson A. Fox against Livingston Satterlee and another. The court dismissed the complaint. Plaintiff appeals.

Argued before BARTLETT and BARRETT, JJ.

*Thos. C. E. Ecclesine*, for appellant.    *J. Alfred Davenport*, for respondents.

BARRETT, J. The substantial question here is whether the covenants contained in the contract are dependent or independent. If dependent, the plaintiff was properly nonsuited, for the reason that he failed to prove performance of his covenant. The parties were insurance brokers, and the contract related to railroad insurance. The plaintiff agreed to pass all such insurance procured by him after a certain date through the defendants' office. The defendants were then to place this insurance in the companies which they represented, and the commission upon the premiums paid was to be divided as follows: 5 per cent. thereof to the defendants, and 10 per cent. to the plaintiff. It was further agreed that the parties should not under any circumstances compete with each other for insurance upon roads already placed by them. The action was brought for the breach of the latter agreement, the plaintiff claiming that the defendants had competed, to his damage, for insurance upon a road placed by him prior to the date of the contract. The question then is, was the plaintiff bound to allege and prove performance of his covenant to pass through the defendants' office all insurance procured by him after the date of the contract? We think he was. This is a case where the mutual covenants went to the whole consideration upon both sides. They are therefore dependent. *Pordage* v. *Cole*, 1 Wms. Saund. 319; *Callonel* v. *Briggs*, 1 Salk. 112; *Bettini* v. *Gye*, 1 Q. B. Div. 183; *Oakley* v. *Morton*, 11 N. Y. 25. These covenants are interwoven with the subject-matter, and they go to the very root of the bargain. The meaning and intention of the parties, to be gleaned from the entire contract, and its surroundings, should here govern. Mr. Parsons says (Cont. vol. 2, p. 41) that this question, "in each particu-

lar case, will be determined by inferring, with as much certainty as the case permits, the meaning and purpose of the parties, from a rational interpretation of the whole contract." And in *Dakin* v. *Williams,* 11 Wend. 72, NELSON, J., said that "courts lean against construing covenants to be independent, unless such is the obvious intent of the parties." Certainly, a technical view of the language employed should not be permitted to override the real intention, and to work manifest injustice. Here there was plainly a complete unity in the bargain, and the covenants are expressive of that unity, both in its purpose and plan. Thus the plaintiff, on his part, was to pass to the defendants all the insurance which he could procure after a certain date, and he was not to interfere with what they had placed prior to that date. The defendants, on their part, were to receive and place all the insurance that the plaintiff might pass into their office, and they were not to interfere with what he had already placed. These covenants cannot be severed without destroying the entire arrangement. The promise not to compete for insurance already placed is plainly dependent upon the promise to pass all later insurance into the defendants' office. The converse is equally clear. If, for instance, the plaintiff had found that the defendants were competing with him, contrary to their agreement, would he still have been bound to continue passing to them all his procurable insurance? And, if the defendants had found that the plaintiff was competing with them, were they required to go on accepting his fresh insurance, and paying him 10 per cent. commission therefor? But, further, the very foundation of the contract, in fact the sole apparent motive for entering into it, was the business which the plaintiff thus agreed to bring to the defendants. It was upon the covenant to bring them this business that the defendants' covenant to limit their own enterprise, and not to compete with the plaintiff, was based. Thus, the contract in effect declares that the defendants were not to compete with the plaintiff so long as he faithfully and continuously passed into their office all procurable insurance. This is its true interpretation. It is what the parties meant; and any other construction would work manifest injustice, in leaving the defendants, while bound themselves, to seek their remedy for the plaintiff's breach by an action for damages. That, as was observed by NELSON, J., in *Dakin* v. *Williams, supra,* "would be an idle litigation, and we should have regretted if the law had compelled us to come to such a conclusion."

The complaint was therefore properly dismissed; and, as there is nothing in any of the other points raised by the appellant, the action of the trial court must be affirmed. But the judgment was improperly entered as a judgment dismissing the complaint "on the merits." It must accordingly be modified by striking out these words "on the merits," and, as modified, affirmed, without costs.