JOHN M. BEDFORD, Plaintiff, v. DURFEE A. SHERMAN and Others,. Defendants.

*Limited business corporation — individual liability of the directors, on a failure to· file the annual reports — debt created by notes of the corporation — warehouse receipts — fraudulent withdrawal of grain — remedy of the warehousemen, on payment of the notes to the pledgees of the warehouse receipts — assignment of the. claim.*

A limited business corporation, organized under chapter 611 of the Laws of 1875,. to deal in grain, made ·its promissory notes and procured them to be discounted by certain banks, on the collateral security of warehouse receipts for grain, issued by an association of elevator companies to the order of the limited corporation; the corporation thereafter fraudulently removed from the elevators. and converted to its own use the grain represented by the warehouse receipts, and the banks called upon the warehousemen to make good their receipts,. which they did by paying the banks the amounts due on the notes for which. the receipts were pledged.

The banks thereupon indorsed the notes in blank and delivered them, with the· warehouse receipts attached, to the stockholders of the elevator companies, who thereafter, for the purpose of bringing an action thereon, assigned the· legal title in the notes and receipts to an individual, who thereupon brought suit upon the notes against the persons alleged to have been directors of the· corporation at the time of the above occurrences, claiming that they were individually liable for the indebtedness of the corporation upon the notes by reason of a failure to file the annual reports required by section 18 of the act of· 1875.

It appeared that the defendants had, before the making of the notes in suit, been. elected directors of the limited corporation "until the next annual election," and that no election of directors had been held thereafter; and it also appeared. that the corporation had been dissolved, in an action brought in the name of The People for that purpose, after the transfer of the notes and warehouse receipts by the banks to the plaintiff's assignors, but before the assignment. thereof to the plaintiff.

*Held,* that the action was well brought, and that a recovery by the plaintiff against the defendants for the amount due upon the notes should be: sustained.

The entries in the books of a business corporation, during the period of his. directorship, are admissible in evidence against one who has been a director of the corporation and who took part as such in its affairs.

When the plaintiff has obtained the legal title to the claim in suit, the defendant is not concerned to inquire as to what consideration he may have paid therefor.

The assignment of a debt, though made after the liability ·of directors for failing to file an annual report has accrued, carries with it a cause of action for the penalty.

MOTION by the defendants, Durfee A. Sherman, Stephen F. Sherman and Henry L. Fish, Jr., for a new trial, upon exceptions ordered to be heard at the General Term in the first instance upon the direction of a verdict in favor of the plaintiff at the Erie Circuit, on the 13th day of May, 1892.

*Tracy C. Becker,* for the plaintiff.

*Seward A. Simons,* for the defendants Sherman.

*Martin Clark,* for the defendant Henry L. Fish, Jr.

LEWIS, J. :

In the year 1883, Sherman Brothers & Company (Limited) was incorporated under chapter 611 of the Laws of 1875 of the State of New York relating to the organization and regulation of business corporations.

The defendants, in March, 1886, were elected directors of said corporation for the term " until the next annual election."

They accepted the trust and entered upon the discharge of their duties as directors. No election of directors was thereafter had.

In July, 1889, an action was commenced in behalf of the People of the State of New York to dissolve said corporation ; a temporary receiver was appointed in July, 1889.

The action came on for trial in January, 1890, and a decision was made that the corporation should be dissolved.

Final judgment of dissolution was entered in January, 1890, the temporary receiver was made permanent receiver. The affairs of the company were closed on the 15th day of January, 1891, and the receiver discharged.

Sherman Brothers & Company (Limited) was engaged in buying and selling grain and doing a general brokerage and commission business in the city of Buffalo.

There were, during these years, three corporations in the city of Buffalo engaged in the business of elevating and storing grain, viz. : " International Elevating Company," " The Buffalo Elevating Company " and " The Lake Shore Elevating Company."

These several corporations formed an association known as " The Associated Elevators."

The business of this association was elevating and storing grain in the elevators of these three corporations.

The association issued warehouse receipts for grain delivered to and stored in said elevators respectively.

The defendant Stephen F. Sherman, during all the times mentioned was the general manager of the individual elevators and of said association of elevators, and as such had authority to issue warehouse receipts for grain received and stored therein.

Sherman Brothers & Company (Limited), from time to time, during the years 1888 and 1889, for the purposes of its business, made its promissory notes and procured them to be discounted by the American Exchange Bank of Buffalo or the Merchants' Bank of Buffalo; and the said Stephen F. Sherman, as such manager, issued, or caused to be issued by the associated elevators, warehouse receipts for grain stored in said elevators, subject to the order thereon of Sherman Brothers & Company (Limited), and the company pledged said warehouse receipts to said banks as collateral to its notes, discounted by said banks as aforesaid.

The company suspended payment on the 8th day of July, 1889, and at that time there were held by the banks the promissory notes of said corporation, amounting to some $243,000.

Said banks also held as collateral to said notes the warehouse receipts of said associated elevators, issued and pledged as aforesaid, calling for grain exceeding in value the amount of the notes thus held by them.

Intermediate the time of the issuing of the said warehouse receipts respectively and the suspension of Sherman Brothers & Company (Limited), said corporation had fraudulently removed from the said elevators, and converted to its own use, substantially all the grain represented by said receipts.

Said notes matured, and not being paid, the holders appropriated and sold all the grain in the elevators, and applied the proceeds upon the said notes, and thereupon called on the said associated elevators to honor their receipts.

The stockholders of said elevators, finding that the banks held such receipts calling for grain, exceeding in value the amount due upon the notes, paid the amount due thereon, and the banks indorsed the notes in blank, and delivered them, with the warehouse receipts, to said stockholders.

The receiver thereafter paid upon said notes their percentage of

the assets of Sherman Brothers & Company (Limited), leaving due from the company, on account of said promissory notes, a sum which, with interest to the time of the trial, amounted to $268,516.78.

Thereafter, and before the commencement of this action, the stockholders, individually, and the elevator companies composing said association, by proper instruments in writing, assigned, transferred and delivered to the plaintiff said promissory notes and said warehouse receipts, and by said instruments constituted and appointed the plaintiff their attorney, in their names or otherwise, to take all legal measures for the recovery and enjoyment of the assigned premises.

The plaintiff thereupon commenced this action against the defendants to recover the amount of said indebtedness, with interest, basing his claim upon the failure of the said corporation and the defendants, its directors, to make and file the annual report required by section 18 of chapter 611 of the act of 1875.

At the conclusion of the evidence the plaintiff and the defendants requested the court to direct a verdict in their favor respectively.

The defendants' motion was denied and proper exceptions were taken. The court thereupon directed a verdict in favor of the plaintiff against the defendants for $268,516.78, and directed the defendants' exceptions to be heard at the General Term in the first instance.

There was evidence tending to show that defendant Henry L. Fish, Jr., was elected a director of Sherman Brothers & Company on the 1st day of March, 1886 : his term of office was for and until the next annual election.

As we have seen, no other election of directors was thereafter had.

Being a director and taking part as such in the affairs of the corporation, the entries in its books during the period of his directorship, were properly admitted in evidence against him. (*Huntington* v. *Attrill*, 118 N. Y. 379, 380 ; *Blake* v. *Griswold*, 103 id. 434.)

Two reasons are urged by the counsel for the defendants Sherman, why the plaintiff was not entitled to a direction of a verdict against them.

First. That the banks used the property of Sherman Brothers & Company (Limited) to pay the notes, and, consequently, the debt having been discharged, the simple transfer of the evidence of indebtedness vested no right of action in the transferee of the notes.

. The argument being that the warehouse receipts, being payable to the order of the company, represented property in store belonging to that corporation, and that the transfer of the certificates to the banks carried with them the ownership of the property represented by the receipts; and that when the stockholders of the elevators paid Sherman Brothers & Company's debt to the banks and received the notes and warehouse receipts, the notes were in effect paid, and no right of action passed to the transferee.

No account is taken in the counsel's argument of the important circumstance that his clients had fraudulently removed from the elevators and converted to their own use the grain called for by the warehouse receipts.

The holders of the notes not being able to find the grain, called upon the warehousemen to make good their receipts; they did so by paying the amounts due the pledgees, the banks; the banks indorsed the notes in blank and delivered them with the receipts attached to the representatives of the elevators who had paid them the money; they thereby, we think, became the creditors of Sherman Brothers & Company, and as such had the right to maintain an action against the defendants to recover the penalty provided by the act of 1875 for the failure of the directors to make their annual report.

It is further contended by appellant's counsel that the plaintiff never became the creditor of the corporation so as to entitle him to sue for the penalty, for the reason that at the time he took title to the notes, the corporation of Sherman Brothers & Company (Limited) had been by the judgment of the court dissolved and was no longer in existence.

As we have seen, for the purpose of convenience, by proper instruments in writing, the legal title to the notes and receipts was put in the plaintiff.

As between plaintiff and the elevators and their stockholders, the evidence tends to show he occupied the relation of trustee.

He testified that he paid nothing for the notes or the stock.

He had acted for the stockholders in settling their affairs with Sherman Brothers & Company, and he took an assignment of the claim for the purpose of bringing the action.

The indebtedness to the banks was incurred in 1888 and 1889, before the corporation was dissolved.

The notes were transferred to the stockholders of the elevators by the banks in September, 1889 ; they were assigned to the plaintiff on the 17th day of March, 1891, after the dissolution of the corporation.

It is provided by section 39 of the act of 1875, that " the dissolution of the corporation shall not take away or impair any claim or remedy existing against the corporation, its stockholders or officers, for any liability incurred previous to its dissolution."

The claims were unquestionably valid in the hands of the transferees of the banks, and no reason is apparent why they could not transfer their claim to the plaintiff.

It has been held that a naked transfer of the penalty cannot be made without a transfer of the claim, but the penalty is an incident of the claim and passes to its transferee.

The notes indorsed in blank were delivered to the plaintiff, accompanied by written transfers in form sufficient to pass the title, and this gave the plaintiff valid title as against the assignors.

The defendants would be protected, should they pay to the plaintiff any judgment which he might recover thereon; plaintiff's assignors would be estopped from thereafter making any claim against the defendant.

The plaintiff having obtained the legal title to the claim, the defendants are not concerned to inquire as to what consideration he may have paid therefor. (*Sheridan* v. *The Mayor, etc.*, 68 N. Y. 30.)

The assignment of a debt, though made after the liability of directors for failing to file an annual report had accrued, carries with it a cause of action for the penalty. (*Pier* v. *George*, 20 Hun, 210; *Boland* v. *Crosby*, 49 N. Y. 183 ; *Blake* v. *Griswold*, 103 id. 435.)

We think the plaintiff was entitled to the verdict as directed.

The motion for a new trial should be denied and judgment ordered for the plaintiff as directed at the Circuit.

All concurred.

Defendants' motion for a new trial denied, with costs, and judgment ordered for the plaintiff on the verdict.