(14 Misc. Rep. 12.)

### CUNNINGHAM v. COHEN.

(Common Pleas of New York City and County, General Term.   August 22, 1895.)

1. PARTY IN INTEREST—ASSIGNMENT.

   An assignment which transfers the legal title makes the assignee the real party in interest as against the obligor, though as between the assignee and assignor it was merely colorable.

2. CONTRACTS—PERFORMANCE—EVIDENCE.

   A contract, in consideration of a lump sum, to put an advertisement in a certain number of "full-time" street cars in each of three cities, is entire, and proof of performance fails where defendant gives positive evidence that, in one of the cities, of the cars operated, less than the specified number were supplied with the advertisement, though plaintiff's witness states that it was placed in more than the specified number, he being unable to state whether these cars were actually in use.

Appeal from Eighth district court.

Action by Henry Cunningham against Louis Cohen. From a judgment for plaintiff, defendant appeals. Reversed.

Argued before BISCHOFF and GIEGERICH, JJ.

John H. Bird, for appellant.
Otto Horwitz, for respondent.

BISCHOFF, J. This action was brought to recover the sum of $176.12, alleged to be due under a contract entered into between plaintiff's assignor, Weinburg, and defendant, whereby the former agreed to advertise a certain article for the latter by affixing and maintaining signs in certain street-railway cars for a period of 12½ months. The rate agreed upon was $50.32 per month, the signs to be placed in "full-time" cars as follows: New Haven, Conn., 45 cars; Worcester, Mass., 50 cars; Hartford, Conn., 53 cars. Defendant duly made payment under the contract for 9 months' advertising, but at the end of that period notified plaintiff's assignor that he considered the contract to have been broken, claiming that the advertisement had not been made as called for by its terms. Defendant at that time stated that he would make no more payments, and would hold such assignor, Weinburg, for the amount overpaid. Weinburg continued performance of the contract after receiving this notification. According to his testimony, he "went on with the original contract. Paid no attention to that [the defendant's letter] whatever." Two issues appear in the case: The first as to plaintiff's interest under the assignment of the cause of action; the second as to performance of the contract upon Weinburg's part.

With regard to the first question, we must hold the plaintiff to be the real party in interest (Code Civ. Proc. § 449), notwithstanding the fact that the assignment was obviously colorable under the evidence. This instrument worked a legal transfer, as against the assignor, giving plaintiff title to the demand, and was not to be questioned by the defendant. Sheridan v. Mayor, etc., 68 N. Y. 30; Bedford v. Sherman, 68 Hun, 317, 22 N. Y. Supp. 892.

Upon the remaining issue, however, we take the weight of the evidence to be with the defendant. The contract was in its nature entire, the advertising in the three places noted being undertaken upon an agreed compensation in a sum certain per month for the complete service. See Dauchy v. Tutt, 19 Wkly. Dig. 490; Hazzard v. Hoxsie, 53 Hun, 417, 6 N. Y. Supp. 295. Hence, proof of performance of the contract during the period in question, with regard to each of these localities, was essential in order that the plaintiff might recover. Plaintiff's assignor did not in any way rely upon defendant's refusal to complete the contract for the purpose of justifying failure of further performance upon his part. His testimony is that defendant's statements as to this were wholly disregarded. Thus the fact of defendant's refusal raises no question as to plaintiff's burden of showing performance. Gray v. Green, 9 Hun, 334. Nor can there be any question as to "future profits."

Dillon v. Anderson, 43 N. Y. 237. Plaintiff's assignor not only was not prevented from performing the contract, but did undertake to perform it in full, and upon that performance is this action based. Bearing in mind the entirety of the contract, we cannot support the recovery upon the evidence. As to the advertisements in New Haven and Worcester, it may perhaps be said that a sufficient number of cars "in daily use" were fitted with the signs as agreed. The proof with regard to the advertisement in Hartford, however, does not show a compliance with the contract in such a degree as to overcome defendant's positive evidence that not more than 27 cars operated in that city were so fitted. For the plaintiff it was shown that signs had been placed in 99 cars in such city, but the witness who alone testified to this fact was unable to state that these cars were actually in use. While the record is not clear as to what the term "full-time cars" might mean in every instance, it is but reasonable to assume that the parties intended something by the words used; at least, that the cars in question should be actually operated by the railway company, in order that the advertising signs might be placed in some degree before the public. We cannot say that the plaintiff's proof sufficiently discloses the fact of performance in this regard, so far as to overbear the evidence adduced by the defendant.

Judgment reversed, and a new trial ordered, with costs to appellant, to abide the event.