(25 Misc. Rep. 390.)

### ALLING v. TREVOR et al.

(Supreme Court, Trial Term, New York County. December, 1898.)

ENTIRE CONTRACTS—PERFORMANCE—CONDITION PRECEDENT.

    A contract with an advertising agency to insert advertisements in particular newspapers a specified number of times, and at particular days, in consideration of a gross sum, is indivisible, and its entire performance a condition precedent to the right of recovery.

Action by Asa A. Alling, assignee of an advertising agent, against Francis N. Trevor and others, to recover on a contract for advertising. Judgment for plaintiff, and motion for new trial granted.

Thos. C. T. Crain, for plaintiff.

A. K. Potter, for defendants.

McADAM, J. A contract by which an advertising agency agrees to insert the advertisement of its customer in particular newspapers a specified number of times, and at stated intervals, in consideration of a gross sum, is undoubtedly entire and indivisible, and performance of the entire contract is a condition precedent to any right to recover the agreed price. The contract, as modified by the parties, required that the advertisement be published in the Youths' Companion, Ladies' Home Journal, Overland Monthly, Ladies' Home Companion, Ladies' World, Toilets, Demarest's, twice in the Christian Herald, and twice in the Sunday School Times. It is undisputed that the advertisement appeared in the Christian Herald but once instead of twice, and that it did not appear at all in the Sunday School Times, where it should have appeared twice. No satisfactory excuse for the nonpublication in these two papers is given. Their circulation was large, and their influence deemed beneficial by the advertiser. Indeed, the fact that the publication was to go in these two papers may have been, and probably was, one of the causes which induced the defendants to make the contract. The failure of the agency to perform its part of the contract in this respect cannot be held to be trivial and unimportant. It seems to be substantial, and fatal to any right of recovery. Ibbotson v. Sherman, 42 N. Y. Super. Ct. 477; Ferry v. Wilson (City

Ct. N. Y.) 17 N. Y. Supp. 453; Dauchy v. Tutt, 19 Wkly. Dig. 490; Vickers v. Moore, 19 Wkly. Dig. 370; Oakley v. Morton, 11 N. Y. 25; Ketchum v. Harrington (Sup.) 18 N. Y. Supp. 429; Hazzard v. Hoxsie (Sup.) 6 N. Y. Supp. 295; Cunningham v. Cohn, 14 Misc. Rep. 12, 35 N. Y. Supp. 125.

The jury awarded the plaintiff the balance of the contract price, less proper deductions for the advertisements not published, on the theory of substantial performance; an equitable result, perhaps, but one which finds no support in law. It follows that the defendants' motion for a new trial must be granted.