THE LAWRENCE FERTIG COMPANY, INC., Appellant, *v.* NATHAN KLEIN, Doing Business under the Name and Style of NATIONAL ELECTRIC PRODUCTS COMPANY, Respondent.

Supreme Court, Appellate Term, First Department, January 22, 1930.

*Limburg, Riegelman, Hirsch & Hess* [*Lionel S. Popkin* and *Joseph L. Weiner* of counsel], for the appellant.

*Guggenheimer, Untermyer & Marshall* [*Edward T. McLaughlin* and *Herbert B. Claster* of counsel], for the respondent.

BIJUR, J. Plaintiff, an advertising agency, proved by its witness that it was engaged in the business of soliciting and composing advertisements for customers and contracting for their insertion in publications.

The arrangement for the publication of the advertisement at issue was made orally in a conversation between plaintiff's and defendant's representatives. Plaintiff's witness further testified that it was required to pay for the advertisement on behalf of defendant before publication and that it had so paid. When the publication appeared it developed that defendant's advertisement had been omitted from approximately ten per cent of the copies, whereupon defendant refused to pay the plaintiff for its payments to the publication and other incidental expenses, and this suit resulted.

There was no discussion at the trial concerning the determinative point involved, namely, whether plaintiff was the agent of defendant or an independent contractor who agreed absolutely to publish the advertisements.

It seems likely that the learned trial judge granted defendant's motion to dismiss the complaint on the authority of *Alling* v. *Trevor* (25 Misc. 390; affd., 39 App. Div. 671). In that case an advertising agent sued for the contract price of certain advertise-

ments, some of which did not appear in the publications contracted for, and the defendant refused to pay on the ground that there had been no substantial performance. The jury found for plaintiff. A reference to the original record shows a written agreement between plaintiff, advertising agency, and its customer, in which plaintiff's undertaking is worded as follows: " We agree to insert your * * * adv. [advertisement] in each of the following publications," etc. In the colloquy at the close of the case appears the statement by defendant's counsel: " This was an absolute undertaking on their [plaintiff's] part to procure this publication." This statement was not challenged at any stage of the case, nor was there any relevant exception or request to charge by plaintiff in response to the judge's charge leaving to the jury the " main question " of substantial performance. Thereafter the opinion (hereinabove referred to) was written by the learned judge in that case granting the motion for a new trial — the only question discussed being that of substantial performance.

In the instant appeal plaintiff makes no reference to the subject of substantial performance but urges only that it was defendant's agent and as such entitled to be reimbursed for its justifiable expenditures on defendant's behalf.

As evidently the question whether plaintiff acted as defendant's mere agent or is to be regarded as an independent contractor which had agreed absolutely to publish defendant's advertisement is at least a question for the determination of the jury, the judgment must be reversed and a new trial granted, with thirty dollars costs to appellant to abide the event.

All concur; present, BIJUR, LYDON and FRANKENTHALER, JJ.