METROPOLITAN LIFE INSURANCE COMPANY, Plaintiff, *v.* LILLIAN TANNENBAUM and Others, Defendants.

Supreme Court, New York County, March 21, 1935.

*Tanner, Sillcocks & Friend,* for the plaintiff.

*Alfred Grey,* for the defendants.

McLAUGHLIN, J.   This is an action to reform a policy.   Reformation is *prima facie* difficult only because it is hard to analyze what the theory of the action is.   In every written contract there must be a previous oral contract, *i. e.,* a meeting of the minds before the signatures are affixed.   The written contract completely wipes out the oral.   There is a presumption that no matter what the parties orally agreed, they agreed on what the writing said.   When a plaintiff asks reformation he must overcome that by clear and convincing evidence.   If there is any fraud in misrepresenting what the contract was, the defendant may set the contract aside.   There is no fraud here and the defendant elects to hold the contract.   If there was a mutual mistake, the writing can be reformed to memorialize the real contract.   When either party makes an error, which the other party is bound to know, then the insistence on that erroneous writing is fraud.

The insured here, a woman, asked for a disability clause in the policy.   Just prior to this application the company had issued the same indemnity to men and women.   Then it changed its indemnity and paid only half indemnity to women, keeping the indemnity to men as before.   There is not a scintilla of evidence that this defendant knew that the indemnity which this plaintiff promised to pay her was an error.   There is not a scintilla of evidence that she ever agreed to accept the half indemnity.   She applied

for a policy. Its terms she did not know. The tender to her of this writing was an offer. She accepted that offer. That was the contract she made. This is not an action in reformation at all; what the plaintiff asks is to substitute for the contract which the parties made another contract which they did not make.

Judgment for the defendant, with costs.