BARNEY'S CLOTHES, INC., Plaintiff, *v.* W. B. O. BROADCASTING CORPORATION, Defendant.

Supreme Court, Special Term, New York County, November 8, 1937.

*Goldstein & Goldstein,* for the plaintiff.

*Emil K. Ellis,* for the defendant.

McLAUGHLIN (CHARLES B.), J.   This is a motion to dismiss the complaint under rule 106 of the Rules of Civil Practice.   There is also a motion made to make the complaint more definite and certain.   The plaintiff is a clothing merchant and the defendant conducts a broadcasting station.   Contracts were entered into by the parties in which the defendant agreed to give certain specified time to the plaintiff for its program and also to give the plaintiff a certain number of special or spot announcements on the radio each week.   While there are nine causes of action alleged, each is identical except as to the period covered and every one is based upon a separate agreement.

It would appear that the complaint states clearly an action for a breach of contract.   In addition, the allegations of fact are quite definite.   The program agreed upon was shortened and the announcements were limited below the number contracted for. Plaintiff paid in full for the specified services but when it found out that it did not get them, it promptly sued for the whole amount paid.   It is well recognized that to recover on an entire contract the party must show full performance on his part or some valid excuse which would relieve him.   No recovery is ever allowed for a part performance unless full performance is excused.   (*Smith* v. *Brady,* 17 N. Y. 173, 187; *Catlin* v. *Tobias,* 26 id. 217.)   And where work is done and materials furnished, the defendant may enjoy its benefits and not pay for them where there has not been full performance on the part of the plaintiff.   (*Smith* v. *Brady, supra; Walker* v. *Millard,* 29 N. Y. 375; *Lawson* v. *Hogan,* 93 id. 39; *Stewart* v. *Newberry,* 220 id. 379, 384; *Steel Storage & E. Const. Co.* v. *Stock,* 225 id. 173.)   A somewhat analogous situation to this case appears in *Alling* v. *Trevor* (25 Misc. 390; affd., 39 App. Div. 671).   There, an advertising agency agreed to insert the advertisements of its customer in particular newspapers for a specified number of times and at stated intervals, in consideration of a gross sum.   This contract was entire and full performance of the contract was requisite to any right to recover the agreed price.

We think that where a defendant receives the full payment on a contract that he was required to perform fully and he has only partly performed, then any moneys paid to him may be recovered. Defendant was paid for something that it was never entitled to.

Here the defendant breached its contract and at the same time induced plaintiff to pay the full consideration.   Unquestionably, the contract for the broadcasting was an entire one and, therefore,

in order for the defendant to be entitled to receive payment, or as in this case, to retain the payment, full performance must be shown. (*Alling* v. *Trevor, supra.*) It follows that if the allegations of the complaint are true the plaintiff would be entitled to recover the full amount paid to the defendant. Of course, the complaint is apparently based on the theory that there was a deliberate rather than an excusable act on the part of the defendant in not fully performing the contract as required and in accepting the full amount of payment as though it had fully met the contract. It is only in such a case that the plaintiff may recover the full amount paid. The question as to whether the defendant did actually filch some of plaintiff's allotted and fully paid radio time and devote it to others is a question for the trial court and must be fully litigated.

Even if it be assumed that the plaintiff has demanded the wrong amount of damages or applied the wrong measure, that would not have any bearing on the validity of plaintiff's cause of action. (*Lurie* v. *New Amsterdam Casualty Co.*, 270 N. Y. 379, 381, 382.)

Both motions are in all respects denied.