HARRY L. STANLEY, Appellant, v. CHRIS-CRAFT CORPORATION, Respondent.— In an action for damages for breach of contract, plaintiff recovered a verdict for $2,500. The court reserved decision on defendant's motions to dismiss the complaint and for a directed verdict, and subsequently set aside the verdict and dismissed the complaint. Order setting aside verdict for plaintiff and dismissing the complaint, and judgment entered thereon unanimously affirmed, with costs. No opinion. Present — Lazansky, P. J., Hagarty, Johnston, Taylor and Close, JJ.

JOHN V. VAN PELT, Appellant, v. PATCHOGUE CITIZENS BANK AND TRUST COMPANY, Respondent.— In an action to recover damages for breach of a written contract, pursuant to which plaintiff agreed to render architectural services to the defendant, who was the trustee named in a purported testamentary trust, an order was duly made at Special Term denying plaintiff's motion to strike from the amended answer the first, second and third defenses therein pleaded, as insufficient in law upon their face. From so much of that order as denied his motion to strike out the first and second defenses plaintiff appeals. Order, in so far as appealed from, reversed on the law, with ten dollars costs and disbursements, and motion granted, with ten dollars costs. As matter of law the rights of the parties are to be measured by the terms of their unambiguous written contract dated December 31, 1936, annexed by copy to the complaint as Exhibit A. Therein are merged all prior or contemporaneous negotiations of the parties. This legal truism makes the first defense insufficient in law on its face. The second defense is likewise insufficient, for under that written contract the liability of defendant for damages by reason of its pleaded breach thereof is personal and individual, and not as trustee. The words of the contract intimating that defendant is trustee of the stated trust are merely *descriptio personæ*. Lazansky, P. J., Hagarty, Johnston, Taylor and Close, JJ., concur.

B. VICTOR REALTY Co., INC., Appellant, v. GERTRUDE B. HILL and JOHN C. HILL, Copartners, Doing Business as HILL REALTY COMPANY, Interpleaded and Substituted in the Place of the Original Defendant Herein, EASTCHESTER SAVINGS BANK, Respondents.— Appeal from a judgment of the City Court of Mount Vernon in favor of the defendants, after a trial by the court without a jury, in an action for brokerage on the sale of a parcel of real property in Eastchester, and from an order denying plaintiff's motion for a new trial. Judgment and order unanimously affirmed, with costs. No opinion. Present — Lazansky, P. J., Carswell, Adel, Taylor and Close, JJ.

ALFRED E. WELCH, Respondent, v. LEO T. ANDRYSHAK, Appellant.— Action for damages for personal injuries suffered by the plaintiff as a consequence of being knocked off a truck by a sling of wire mats which he was loading thereon and which was struck by defendant's truck while passing. Judgment for the plaintiff unanimously affirmed, with costs. No opinion. Present — Lazansky, P. J., Carswell, Johnston, Adel and Taylor, JJ.

## (June 24, 1940.)

RUBIN ALPERT and MAX ALPERT, Trading as the ALPERT PRESS, Respondents, v. ELIZABETH VILKOMERSON, Appellant.— Motion for reargument of motion for leave to appeal to the Appellate Division denied, without costs. Present — Lazansky, P. J., Hagarty, Carswell, Taylor and Close, JJ.