George Starke, J.
In this jury action, plaintiffs, business brokers, seek to recover a commission, not because of having effected a sale of anything to the defendants, but because of a provision in an instrument labeled as a “ contract ’ ’ containing this provision: “ I, said prospective purchaser also agree that if I am introduced to other prospective purchasers by the broker and I and such other prospective purchaser or purchasers, purchase a business or any interest in a business, either in our individual names or purchase the same through the medium of a corporation or the stock of a corporation, or through some other agency other than this broker, then and in that event I agree to pay to the broker as and for compensation for procuring a business associate a sum representing 5% of the total sales price. Minimum commission five hundred dollars.”
Plaintiffs claim that several months prior to March, 1955, they entered into an oral agreement with the defendant Weissberg whereby they were employed as brokers to procure another prospective purchaser, together with whom the said defendant would purchase a business, and that plaintiffs were to receive for such services a commission of 5% of the total sales price, but not less than $500.
Plaintiffs further claim that an identical oral agreement was entered into with the defendant Markman during the first week of March, 1955.
Defendants deny the alleged oral agreements and the court credits their denial. The evidence shows that both defendants, at different intervals, came to the plaintiffs, interested in purchasing a business and not to seek a business associate; that plaintiffs offered to each of the defendants the same listings of business enterprises for sale, and that none of them materialized. In April of 1955, plaintiffs introduced the defendants to one another and attempted to interest them to jointly purchase a business from one of plaintiffs’ listings. That too was fruitless. Thereafter, defendants jointly began to check plaintiffs’ further *494 leads and listings and on May 11, 1955 they were requested by plaintiffs to execute the ‘ ‘ contract ’ ’ containing the provision quoted above. This “ contract ” was then signed by the defendants simultaneously acting as a unit as the “ prospective purchaser ”.
About three months later, the defendants, with a third person introduced to them by another broker, jointly purchased a business through that broker. It is conceded that the plaintiffs did not introduce the third person to the defendants and that the plaintiffs never offered to the defendants the business ultimately purchased by them in conjunction with the third person.
At the end of plaintiffs’ case and at the end of the entire case, defendants moved for a dismissal of the complaint and decision thereon was reserved, but the case was submitted to the jury. The jury then returned a verdict in favor of the plaintiffs for $3,800 (being two thirds of the amount sued for). Defendants moved to set aside the verdict on the usual grounds and decision thereon was also reserved. These are the motions which must now be decided.
Plaintiffs in one cause of action set forth the alleged oral arrangements with each of the defendants and then pleaded the written “contract”, which according to plaintiffs’ pleading, embodies “ the terms of the above-mentioned oral contract.” A copy of the written “contract” is attached to the pleadings. The “ contract ”, however, reveals that the alleged oral arrangements, even if credible, are void under the Statute of Frauds, for it is specifically provided in the written instrument that all arrangements thereunder “"shall be in effect for two years ” from date of execution. The Statute of Frauds (Personal Property Law, § 31, subd. 1) voids any oral agreement which “ By its terms is not to be performed within one year from the making thereof ’ ’.
While the Statute of Frauds was not pleaded as an affirmative defense in the answer (see Civ. Prac. Act, § 242, and McKenna v. Meehan, 248 N. Y. 206), nevertheless, its defense is available to the defendants. As was said in Goldberg v. Cohen (110 N. Y. S. 185): “It was not necessary in this case for the defendants to plead the statute of frauds, inasmuch as the complaint on its face disclosed a cause of action within the statute ’ ’. Hence, if plaintiff can at all recover it would have to be under the written instrument only.
Furthermore, the prior oral agreements were merged into the written instrument for ‘ ‘ In every written contract there must be a previous oral contract, i.e., a meeting of the minds before *495 the signatures are affixed. The written contract completely wipes out the oral. There is a presumption that no matter what the parties orally agreed, they agreed on what the writing said.” (Metropolitan Life Ins. Co. v. Tannenbaum, 156 Misc. 221.) The plaintiffs’ case stands or falls on the interpretation of the written instrument.
We need not pause to ascertain whether the alleged oral arrangements also violate subdivision 10 of section 31 of the Personal Property Law (requiring agreements to pay commissions to business brokers to be in writing) for plaintiffs claim to be real estate brokers, too.
It is axiomatic that: ‘ ‘ Contracts are to be construed so as not to place one party at the mercy of the other, or to reach a result which the parties could not have contemplated. Hardship and injustice are not deemed to have been intended. ’ ’ (Pioneer Credit Corp. v. San Miguel, 275 App. Div. 636, 638.)
The written instrument is plain and unambiguous. Hence, its construction is a matter of law. The signatories to the “ contract ” are designated as “prospective purchaser” and the language of the quoted provision is clear that the prospective purchaser (signatories to the instrument) agreed to pay the plaintiffs a commission for procuring a business associate if the prospective purchaser were introduced to them by the plaintiffs and in conjunction with such prospective purchaser a business were purchased. Thus, the Court of Appeals held in Brainard v. New York Central R. R. Co. (242 N. Y. 125, 133): “ The construction of a plain contract is for the court. The intention of the parties is found in the language used to express such intention. (Hartigan v. Casualty Co., 227 N. Y. 175.) If the court finds as matter of law that the contract is unambiguous, evidence of the intention and acts of the parties plays no part in the decision of the case. Plain and unambiguous words, undisputed facts, leave no question of construction except for the court. The conduct of the parties may fix a meaning to words of doubtful import. It may not change the terms of a contract. ’ ’ (See, also, Nau v. Vulcan Rail & Constr. Co., 286 N. Y. 188.)
The signatories to the instrument, herein prepared by the plaintiffs, were one unit of two persons who collectively are designated by the instrument as “prospective purchaser ” in the very first sentence of the “ contract ”. They were one party to the contract — “ the prospective purchaser ”. The other party to the contract were the plaintiffs, the contract having been initialled by one of the plaintiffs at the place indicated “Interviewed by”. All the language is in the future tense. *496 The instrument is open to only one interpretation — that the parties are bound for something to happen in the future.
Plaintiffs could only recover if they introduced the defendants to “ other prospective purchasers ”. This they have not done. For it is conceded that plaintiffs did not introduce the defendants to the other prospective purchaser — the third party — nor did the plaintiffs have anything whatever to do with the ultimate purchase of the business enterprise by the defendants and the third party. Hence, there is no basis for a recovery here.
If plaintiffs had performed under their agreement they would have been entitled under its terms, to a full commission, or none at all. The evidence shows that the business ultimately purchased cost $115,000 and a full commission would be $5,750, the amount sued for herein. The jury awarded plaintiffs $3,800. There is nó basis for this award.
The agreement sued upon herein constitutes an entire contract, and to recover on an entire contract full performance is required. In this instance full performance would have required (1) that plaintiffs introduce the defendants “ to other prospective purchasers ” and (2) the defendants “ and such other prospective purchaser or purchasers purchase a business or an interest in a business.” Since plaintiffs did not introduce the defendants to any “ other prospective purchasers,” no recovery could lie. The rule is, as stated in Barney’s Clothes v. W. B. O. Broadcasting Corp. (165 Misc. 532, 533, affd. 253 App. Div. 889): “ It is well recognized that to recover on an entire contract the party must show full performance on his part or some valid excuse which would relieve him. No recovery is ever allowed for a part performance unless full performance is excused. (Smith v. Brady, 17 N. Y. 173, 187; Catlin v. Tobias, 26 id. 217.) And where work is done and materials furnished, the defendant may enjoy its benefits and not pay for them where there has not been full performance on the part of the plaintiff. (Smith v. Brady, supra; Walker v. Millard, 29 N. Y. 375; Lawson v. Hogan, 93 id. 39; Stewart v. Newbury, 220 id. 379, 384; Steel Storage & E. Const. Co. v. Stock, 225 id. 173.) ”
Indeed, there was no question to submit to the jury. The matter of construction of a plain and unambiguous contract was for the court. Upon the written instrument in suit and upon the undisputed facts, the complaint must be dismissed. The defendants are entitled to a direction of a verdict in their favor. As the court reserved decision on defendants’ motions to dismiss the complaint, these motions are now granted. The *497 verdict of the jury is set aside and a verdict directed in favor of the defendants. Judgment may be entered accordingly in favor of the defendants dismissing the complaint against them on the merits. Ten days’ stay of execution of judgment for costs; 90 days to make a case.