J. Irwin Shapiro, J.
This is a motion by the plaintiff for summary judgment upon the ground that there is no defense to the action and that the counterclaim asserted is without merit.
The action is to recover a balance of $6,549 with interest alleged to be due under a purchase order contract written on defendant’s stationery for plaintiff’s work, labor and services in printing for the defendant 8,500 catalogues, envelopes and price lists advertising goods manufactured and sold by the defendant, and for certain materials furnished which were incidental to said work.
The answer admits that the purchase order was given, that $2,000 was paid on account of the price and that 8,500 catalogues were delivered on May 8, 1958. As a defense and counterclaim the defendant alleges that on November 18, 1957, plaintiff agreed to print 8,500 business catalogues, price lists and envelopes to be delivered to it on or before January 15, 1958, at the agreed price of $5,200; that in connection with said agreement plaintiff agreed to submit to the defendant a proof during the month of December, 1957, and represented on numerous occasions prior to January 15, 1958, that the catalogues would be delivered prior to January 15, 1958; that on several occasions prior to said date defendant demanded a sample of said cata *1089 logue, but that the plaintiff failed and refused to submit the same, although it was informed and knew that the defendant’s season for its products commenced that day, since it was primarily to be used during the summer months. Defendant further alleges that on or about March 25, 1958, the plaintiff, knowing that the product sold by the defendant was a summer item and that the season for the sale thereof began during the month of January, told the defendant that it would not produce said catalogues unless the price was increased from $5,200 to $8,300; that by reason of the lateness of the season and the desire of the defendant to salvage a portion of its summer business it was compelled, under duress, to agree to the increase in price when plaintiff agreed to deliver the catalogues within one week after March 25, 1958; that the plaintiff did not deliver the catalogues until May 8, 1958, and that by reason thereof defendant lost its annual seasonal business, all to its damage in the sum of $75,000.
Plaintiff’s reply denied the material allegations of the counterclaim, except that it admitted that 8,500 catalogues were delivered to the defendant by May 2, 1958. As a separate defense, in avoidance, the plaintiff alleged the pendency of another action brought by the defendant against the plaintiff for the cause which is the subject matter of the counterclaim and that the alleged agreement set forth therein, if any was made, was one for the sale of goods at a price of more than $50, and that neither said agreement nor any note or memorandum thereof was ever made in writing and subscribed by the plaintiff sought to be charged thereby, or by any lawful agent on its behalf.
There seems to be no question that the parties agreed orally sometime in November, 1957 for the printing by the plaintiff of the catalogues involved, on account of which the sum of $2,000 was paid by the defendant on December 18, 1957. However, there is equally no doubt that this agreement was finally reduced to writing on the letterhead of the defendant bearing date March 25, 1958. Therein were merged all prior or contemporaneous negotiations of the parties. (Van Pelt v. Patchogue Citizens Bank & Trust Co., 259 App. Div. 1038.) As was observed by the late Mr. Justice McLatjghlix of the Supreme Court, New York County, in Metropolitan Life Ins. Co. v. Tannenbaum (156 Misc. 221): “ In every written contract there must be a previous oral contract, i.e., a meeting of the minds before the signatures are affixed. The written contract completely wipes out the oral. There is a presumption that no matter what the parties orally agreed, they agreed on *1090 what the writing said.” (See, also, Small v. Weissberg, 7 Misc 2d 492.)
Defendant’s claim that it executed the written contract on March 25, 1958, under compulsion is no defense to the action on that contract. As was said in Halperin v. Wolosoff (282 App. Div. 876): “ The alleged duress by respondents amounted to nothing more than a threat to breach their purchase agreement, for which plaintiffs had adequate legal remedies. ’ ’
As for the defendant’s claim that the plaintiff breached the written contract by not delivering the catalogues until May 8, 1958, the proof shows that they were delivered and accepted on May 2, 1958, and that a representative of the defendant initialed the proof of the catalogue on April 30, 1958 as “ approved.” Although the defendant claims that the delivery was originally to be made on January 15, 1958, it does not deny that photographs to be used in the catalogue were not submitted to the plaintiff until late in March, and then only by the plaintiff itself obtaining negatives from the concern which produced defendant’s catalogue the previous year. As for the defendant’s allegations that the reproduction of the photographs in the catalogue was of a poor quality and that the paper stock for the envelopes and price lists was inferior, it is significant that defendant approved the “ proof ” of the catalogue without reservation on April 30, 1958, and has not made an evidentiary showing to sustain those allegations, which is indispensable to defeat plaintiff’s motion. (Anderson v. City of New York, 258 App. Div. 588, 591.)
In light of all of the foregoing, the court can find no bona fide material and triable issues of fact in this action which would foreclose a summary disposition. The motion of the plaintiff is, accordingly, granted and the answer, including the counterclaim, is stricken as being devoid of merit. The service of the amended answer, following the service of plaintiff’s motion for summary judgment, does not preclude this court from granting that motion, since the amended pleading is nothing more than an expansion of the original answer and would only delay the judgment to which the plaintiff is entitled. (Stabins v. Erwill Realty Corp., 1 A D 2d 1000; Gordon Corp. v. Cosman, 232 App. Div. 280; Chester v. Chester, 171 Misc. 608.)
Submit order providing for a 10-day stay of execution.