## PIZZUTIELLE v. GRAHAM.

(Supreme Court, Appellate Term. November 29, 1907.)

1. SALES—PARTIES—ACTION FOR VALUE—EVIDENCE.

In an action for goods sold, where it is shown that plaintiff was the owner of the goods, defendant's testimony that he supposed he was dealing with plaintiff as an officer of a corporation is not controlling; nor is it competent, for, having obtained the property, defendant cannot hold it and yet refuse to pay for it.

2. SAME.

The owner of stone, sold by him to defendant, can recover its value, even though he did not at the time of the sale inform defendant of his ownership, and defendant supposed plaintiff was acting as an officer of a corporation.

3. SAME—DEFENSES.

Where a corporation officer in his individual capacity sold stone to defendant, defendant could not defeat an action for its value merely because he had a claim against the corporation and supposed plaintiff made the sale in his official capacity.

Appeal from Municipal Court, Borough of the Bronx, Second District.

Action by Donato Pizzutielle against Robert Graham. From a judgment for defendant, plaintiff appeals. Reversed, and new trial ordered.

Argued before GILDERSLEEVE, P. J., and LEVENTRITT and ERLANGER, JJ.

Milton Mayer (Sam. M. Fischer, of counsel), for appellant.
John B. Quentin, for respondent.

ERLANGER, J. The action was brought to recover for goods sold and delivered. The answer contains a general denial. The plaintiff in his behalf testified that he sold to the defendant bluestone to be used in the latter's building then in process of erection. The defendant admits that bluestone was used in his building, but testified that he thought, when the contract of purchase was made, that he was dealing with the plaintiff as an officer of a corporation known as the "Borough Cut Stone Company," and not as individual, and that he supposed that the bluestone delivered came from such company. It appears that shortly before the agreement for the bluestone in suit was made a written contract was entered into by defendant with the company whereby it agreed to furnish to him certain limestone and bluestone steps, coping, and base, etc. This agreement on the part of the company was signed, "The Borough Cut Stone Company, D. Pizzutielle, Treas." The defendant contends that said company did not abide by its agreement, and by reason thereof he has some claim against it. Plaintiff states that when, in October, 1904, he sold to the defendant the stone for which this action was brought, he was the

sole owner of it, and that the corporation was in no way interested in it; that he informed the defendant of the fact. A brother of plaintiff corroborates the testimony so given. The defendant denied that any such conversation occurred. But nowhere in the record is plaintiff's evidence contradicted that he, and not the corporation, owned the stone. Defendant throughout his evidence declared that he thought or supposed, because of his prior dealing with plaintiff, that he was purchasing the additional bluestone from the corporation. The trial court concluded from the evidence that the plaintiff did not disclose his ownership, and, entertaining that view, decided that he could not maintain this action. The record shows the following colloquy between plaintiff's counsel and the court:

"Plaintiff's Counsel: As I understand, your honor does not want any testimony as to delivery, or the quantity delivered.

"The Court: No, I think there was never any contract with these people.

"Plaintiff's Counsel: Your honor is going to decide the question as to whether or not the contract was made with the plaintiff or with the Borough Cut Stone Company?

"The Court: Exactly. I will give judgment for the defendant, on the ground that there was no contract between these defendants Pizzutielle and Graham. If there was any contract at all, it was between Graham and the Borough Cut Stone Company."

A motion was then made for a new trial, and denied. The court disregarded the unchallenged evidence of plaintiff that he alone was the owner of the stone delivered. The testimony of the defendant that he thought or supposed he was dealing with the plaintiff as an officer of the corporation, because of his prior transactions with such corporation, is neither controlling, nor was it competent. He obtained the property, or at least part of it, as appears by his admission, and he cannot hold it, and yet refuse to pay for it. If he is not liable to plaintiff, then there is no liability to any one; for it clearly appears that the corporation had nothing at all to do with the transaction. Even if it be accepted as true that plaintiff did not at the time of the sale inform defendant of his ownership, plaintiff had the right, nevertheless, to sue and recover for the value of the goods sold. If defendant has a claim against the corporation of which plaintiff is an officer, he can proceed against it; but he cannot defeat the claim in this action merely because of that fact. The judgment for defendant was erroneously awarded, and must be reversed, and a new trial ordered.

Judgment reversed, and new trial ordered, with costs to appellant to abide the event. All concur.