P. J. LAWRENCE LUMBER COMPANY, a Corporation, Respondent, v. THOMAS & PROETZ LUMBER COMPANY, a Corporation, Appellant.

St. Louis Court of Appeals. Opinion Filed May 8, 1923.

1. **CORPORATIONS: Corporate Existence: Not Denied Under Oath: Admitted.** The corporate existence of the plaintiff, not having been denied under oath, was admitted.

2. **SALES: Mistake: Seller's Identity: Buyer Accepting and Retaining Merchandise Sold: Estoppel.** Where an order for lumber was addressed to the plaintiff, a corporation, who accepted same, and

made the shipment in good faith, and the defendant accepted and retained all the lumber, and used at least a portion thereof after it received actual notice that it belonged to the plaintiff, and the defendant did not disclose to the plaintiff its alleged intention to deal with an individual, against whom it had an unliquidated claim for damages, and made no inquiry as to plaintiff's identity and there was no fraud or false representation or pretence on the part of plaintiff that it was selling the lumber for the individual, *held* in an action for the purchase price of the lumber, defendant was estopped from setting up that it supposed it was dealing with another person.

### ON MOTION FOR REHEARING.

3. **APPELLATE PRACTICE:** Verdict for Respondent: Evidence: Viewed on Appeal: Rule. In determining whether or not a judgment is supported by the evidence in the case, the appellate court will consider the evidence in the light most favorable to respondent, admitting as true every fact and inference that may be reasonably deduced therefrom.

4. **SALES:** Mistake: Seller's Identity: Buying from Corporation Intending Individual: Evidence: Accepting and Retaining Lumber: Plea that Lumber was Disposed of Before Knowledge of Mistake No Defense in Action for Purchase Price. Where the evidence discloses that the defendant addressed and mailed an order for lumber to plaintiff, a corporation; that there was no evidence adduced tending to show that the plaintiff knew, at the time it delivered the lumber to the defendant, that defendant intended to deal with an individual, and not with it, and that defendant accepted and retained all the lumber, and at no time made any offer to return it, *held* that it was immaterial whether or not the defendant disposed of the lumber before or after it had knowledge that it belonged to the plaintiff, and that its plea that all of the lumber was disposed of by it before it had such knowledge was no defense to an action for the purchase price of the lumber.

Appeal from the Circuit Court of the City of St. Louis, —*Hon. John W. Calhoun*, Judge.

Affirmed.

*Roby Albin*, for appellant.

(1) The court erred in giving the instruction requested by plaintiff. This instruction was not predicated

upon the evidence in the case. Moreover, the court erred in giving this instruction because it disposed of the whole case and excluded from the consideration of the jury the points raised by the evidence of defendant. Washington Mutual Fire Ins. Co. v. St. Mary's Seminary, 52 Mo. 480; Jefferson Mutual Fire Ins. Co. v. St. Mary's Seminary, 52 Mo. 556; Fleming v. St. Louis and S. R. Co., 101 Mo. App. 217; Patee v. McCabe-Bierman Wagon Co., 97 Mo. App. 356; Muldrow v. Caldwell, 14 Mo. 523. (2) The court erred in overruling defendant's motion for a new trial made on the ground that the verdict, and judgment entered thereon, is not supported by any evidence in the case. It is the duty of the trial court to set aside a verdict not supported by substantial evidence. There is no evidence in the case tending to show that (1) the defendant had on hand on the date fixed by the court in its instruction April 12, 1920, the lumber for the value of which plaintiff is suing, or (2) that the defendant did not return or offer to return the same. St. Louis Brewing Co. v. Bodemann, 12 Mo. App. 573, memorandum; Lawson v. Mills, 130 Mo. 170; Iron Mountain Bank v. Armstrong, 92 Mo. 265; Reid v. Insurance Co., 58 Mo. 421; Lockwood v. Insurance Co., 47 Mo. 50; Foley v. Harrison, 233 Mo. 460. (3) The court erred in overruling defendant's motion for a new trial made on the ground that the verdict, and judgment entered thereon, is against the evidence and the weight of the evidence. Foley v. Harrison, 233 Mo. 460; Dean v. Fire Ass'n of Philadelphia, 65 Mo. App. 209; Gate City Nat. Bank v. Boyer, 161 Mo. App. 143; Van Hoose v. Southwestern Mach. Co., 169 Mo. App. 54; Clarkson v. Garvey, 179 Mo. App. 9; Barnett v. Metropolitan St. Ry. Co., 138 Mo. App. 192. (4) The court erred in overruling defendant's motion for a new trial made on the ground that the verdict, and judgment entered thereon, if allowed to stand would open wide the door to fraud upon vendees and creditors. The plaintiff, in knowingly using exactly the same name and address and stationery as a predecessor individual, misled the defendant as

to its identity. Sec. 2978, R. S. 1909. (5) The court erred in refusing to give the jury correct and legal instructions as to the law requested by the defendant. There was no contract between defendant and plaintiff and no facts from which the law would imply a contract or duty of defendant to pay plaintiff the value of the lumber sued for. Huffcut's Anson on Contracts (2 Am. Copyrighted Ed.) sec. 184, pp. 168, 169, 170; Barnes v. Shoemaker, 112 Ind. 512; Boulton v. Jones, 2 H. & N. (Eng.) 564; Boston Ice Company v. Potter, 123 Mass. 28; Randolph Iron Co. v. Elliott, 34 N. J. 184; Van Rensselaer v. Aikin, 44 N. Y. 126; Dempsey v. Billinghurst, 7 S. D. 564.

*Arthur V. Lashly* for respondent.

(1) Granting mistake in identity of one of the parties will result in no express contract, yet if, in misreliance upon a supposed contract, one of the parties confers a benefit upon the other, and the retention thereof would be unjust and inequitable, restitution will be compelled in an action in *quantum meruit*. 6 R. C. L. 589; Kingston v. Freeman, 247 Fed., 57; Woodward on Quasi-Contracts, page 88, secs. 54-56; Howe's Studies of Civil Law, p. 171; Morey on Civil Law, p. 371; Highway Comm'rs v. Bloomington, 253 Ill. 164; People v. Dummer, 274 Ill. 637; Brown v. Stair, 25 Colo. App. 140; Miller v. Schloss, 218 N. Y. 400-407. (2) Alleged existence of claim for unliquidated damages against an individual conducting business prior to incorporation of plaintiff is immaterial in determining whether the plaintiff is entitled to recover the reasonable value of goods delivered by plaintiff to defendant. Boston Ice Co. v. Potter, 123 Mass. 28. (3) Defendant grounds its defense upon fraud by plaintiff, and there was no proof of fraud. 14 C. J. 382. (4) The corporate existence of plaintiff was not denied. Plaintiff proved it was incorporated prior to the receipt of the order for the lumber shipped by it and accepted and used by de-

fendant.  Where law requires articles or a certificate of incorporation to be recorded as in this State, constructive notice of the corporate existence is thereby given to the public.  14 C. J. 162; Monroe Bank v. Gifford, 72 Iowa, 750; Williams Company v. Quinn, 186 Cal. App. 401; Pittsburg Sheet Mfg. Co. v. Beale, 204 Pa. 85.  (5)  Fraud will not be imputed to plaintiff merely because a corporation was formed of the same name as that formerly used as a trade name by an individual.  13 C. J. 381; Pittsburg Sheet Mfg. Co. v. Beale, 204 Pa. 85.  (6)  Defendant had actual notice before all of the lumber shipped was used and later sold the same in the regular course of its business. This amounts to a ratification of the sale by plaintiff. Randolph Iron Co. v. Elliott, 34 N. J. L. 184; Boston Ice Co. v. Potter (supra).  (7)  Defendant cannot use the plaintiff's goods and refuse to pay for them on the ground it did not intend to send plaintiff an order for the same.  Pizzutielle v. Graham, 106 N. Y. S. 1099; Weber v. Hearn, 49 App. Div. N. Y. 213, 63 N. Y. S. 41; Alberta Cent. Land Corp. v. Ford, 70 Atl. 1057. (8) Defendant admits receiving and using the lumber; that it was owned and shipped by the plaintiff; that the prices charged are reasonable and that the account has not been paid.  Therefore, the verdict was for the right party and should not be disturbed.  Sec. 1276, R. S. 1919 (and cases thereunder); Sec. 1513, R. S. 1919 (and cases cited thereunder).

BRUERE, C.—This action was brought to recover the purchase price of a carload of lumber.  The judgment below was for the plaintiff, and the defendant has appealed.

The petition is in the usual form.  The answer contains a general denial, and, in addition, pleads that on February 16, 1917, the defendant ordered from P. J. Lawrence, an individual doing business as P. J. Lawrence Lumber Company, four carloads of lumber; that the said P. J. Lawrence agreed to sell and deliver said

four carloads of lumber to the defendant at St. Louis, Mo., at an agreed price; that said P. J. Lawrence failed to deliver said lumber and that by reason of such failure the defendant was damaged in the sum of forty-one hundred and fifty-five dollars; that, induced by the desire to set-off this debt due defendant by P. J. Lawrence, defendant, on March 24, 1920, ordered from said P. J. Lawrence, doing business as P. J. Lawrence Lumber Company, the carload of lumber described in the petition and received and accepted the same, believing that the same was in fulfillment of defendant's order mailed to said P. J. Lawrence, on March 24, 1920; that defendant at no time ordered any lumber from plaintiff corporation, and at no time agreed to pay it for any lumber.

The answer further pleads that if the plaintiff received the order and furnished the lumber, as alleged in the petition, it fraudulently received the said order and fraudulently caused the defendant to accept the said lumber by representing itself to be the P. J. Lawrence, with whom defendant had previously done business as P. J. Lawrence Lumber Company, by knowingly using the same name and the same stationery and the same offices and the same signature with which the aforesaid P. J. Lawrence had previously done business with defendant as P. J. Lawrence Lumber Company; and that plaintiff corporation gave defendant no notice that the said lumber was furnished by the plaintiff corporation, until after the said lumber had been lost in identity and disposed of so that it could not be returned by defendant. The answer concluded with a prayer that the defendant be dismissed without day with its costs. The reply put in issue the new matter set up in the answer.

The facts in the case are briefly as follows: The plaintiff is and has been a corporation since December, 1919; and is located in the city of St. Louis. On March 24, 1920, the defendant addressed and mailed an order to the plaintiff for the carload of lumber in ques-

tion.    Pursuant to this order, the plaintiff delivered the lumber to defendant on March 31, 1920. The lumber was unloaded from the car by the defendant and piled up in its yard and was thereafter used by it in the regular course of its business.

On April 10, 1920, the defendant addressed a letter to the plaintiff in which they requested payment of an alleged balance due it of thirty hundred and forty-two dollars and sixteen cents, made up as follows:

April 10, our Invoice ........................$4155.00
    Cr.
April 10, Cr. due you on car 85046 B. & O. ......$1112.84

                                        $3042.16

In reply to this letter, the plaintiff on April 12, 1920, wrote to the defendant as follows:

"We are in receipt of your somewhat mysterious statement and letter of the 10th and beg to state that we do not know anything about the P. J. Lawrence Lumber Company, Inc., holding any orders whatsoever for your account.  We notice that your statement is dated February 16, 1917, this was before we were ever in business, as our charter was given to us by the State to do business as the P. J. Lawrence Lumber Company on October 1, 1919.

"Therefore, it is necessary for us to return this statement to you and ask you for payment in full, less freight allowance and discount, on car #80046.

                    Yours very truly,
            "P. J. LAWRENCE LUMBER COMPANY."

The defendant admitted, at the trial, that it disposed of part of the lumber, in its regular course of business, after it received the letter dated April 12, 1920.

Mr. Wiese, who represented the defendant in the purchase of the lumber, testified that he thought or supposed when the contract of purchase was made, because of defendant's prior dealing with P. J. Lawrence, that he was purchasing the lumber from P. J. Lawrence; and that the order was given to enable the defendant,

in case the lumber was delivered, to offset a claim the defendant had against P. J. Lawrence for non-fulfillment of an old order given him by defendant in February, 1917.

There was evidence adduced tending to show that the defendant has an unliquidated claim for damages against P. J. Lawrence, which claim is bottomed on his failure to deliver four carloads of lumber purchased from him by the defendant in February, 1917, No notice of this claim was given to the plaintiff, or to P. J. Lawrence, prior to the time defendant made the purchase of the lumber in question.

There was no evidence adduced tending to show that the mistake, on the part of the defendant, as to the identity of the plaintiff was in any manner induced by the plaintiff. No representations were made by it, during the negotiations leading up to the purchase of the lumber, that the lumber belonged to P. J. Lawrence. So far as the evidence discloses the defendant claims to have been mislead, as to the identity of the plaintiff, solely because of its said dealings with P. J. Lawrence in 1917, at which time he was conducting a commission lumber business, in St. Louis, Mo., under the name of P. J. Lawrence Lumber Company.

The assigned errors here go to the giving of an instruction for the plaintiff, the refusal of instructions requested by the defendant, and that the judgment is not supported by any evidence in the case.

We find it unnecessary to discuss the assigned errors, since we hold that on the undisputed facts the judgment is for the right party.

The corporate existence of the plaintiff not having been denied under oath was admitted. The order for the lumber was addressed to the plaintiff who accepted same and made the shipment in perfect good faith. The defendant accepted and retained all the lumber and used at least a portion thereof after it received actual notice that it belonged to the plaintiff. The defendant did not disclose to the plaintiff its alleged intention to deal with

P. J. Lawrence and made no inquiry as to plaintiff's identity. There was no fraud, or false representation or pretense on the part of the plaintiff that it was selling the lumber for P. J. Lawrence. The fact that the defendant thought it was dealing with P. J. Lawrence was a mistake on its part, of which plaintiff had no knowledge or suspicion; and said mistake cannot be a bar to plaintiff's right to recover in this suit.

This is not a case where the mistake arises through the other's fault, or where he falsely represents himself to be another, or accepts an offer which is meant for another, but is a case where the defendant deals with the plaintiff without any inquiry as to his identity, and in consequence of the dealing plaintiff's position is changed.

Under the evidence in this case the defendant is estopped from setting up that it supposed it was dealing with another person. [Pizzutielle v. Graham, 106 N. Y. S. 1099; Weber & Co. v. Hearn, 49 App. Div. N. Y. 214; Mudge v. Oliver, 1 Allen, 74; Cement v. British American Assurance Co., 141 Mass. 1. c. 303; Stoddard v. Ham, 129 Mass. 385; Alberta Cent. Land Corp. v. Ford, 17 West [L. R. 241, Atlantic 1057.]

It follows that the judgment should be affirmed. The Commissioner so recommends.

PER CURIAM:—The opinion of BRUERE, C., is adopted as the opinion of the court. The judgment of the circuit court of the city of St. Louis is accordingly affirmed. *Allen, P. J.,* and *Becker & Daues, JJ.,* concur.

ON MOTION FOR REHEARING. Opinion filed May 29, 1923.

BRUERE, C.—Appellant, in its motion for rehearing, contends that the record herein is utterly devoid of any evidence that any of the lumber was used by it after it received actual notice that it belonged to respondent and, therefore, complains of the statement,

contained in the opinion herein, which reads: "The defendant accepted and retained all the lumber and used at least a portion thereof after it received actual notice that it belonged to the plaintiff."

The record herein contains the following testimony given at the trial: Mr. Thomas, president of the Thomas & Proetz Lumber Company, while on the witness stand, made the following admission: "I think the Thomas & Proetz Lumber Company received the lumber mentioned in plaintiff's Exhibit A. I will admit that they received it and used it."

The car of lumber in question was delivered to the appellant on March 31, 1920. There was a difference between the shipper's invoice and appellant's inspection; and the car was held intact pending receipt of reply from respondent's Mill connection. This dispute was settled on April 10, 1920.

Walter Wiese, an employee of the defendant, and in charge of the transaction in question, testified:

"In the ordinary course of business we resell the lumber we buy, lots of the time from the car. Some of this lumber was sold as soon as we got orders from the Lawrence Lumber Company that it was O. K., and probably some of it was put in pile. . . . It was held intact; it was sold on the track there. . . . It was unloaded when we made this report on March 31st, and was being held intact for a report from the mill connection. This lumber wasn't sold right out of the car it arrived in, but it was sold in the usual course of business. . . . All I can say is, it was used on orders and some put in piles."

Mr. Edward Wiese, vice president of Thomas & Proetz Lumber Company, was asked the following question and gave the following answer.

"Q. Mr. Wiese, what became of this cypress lumber? A. It was used in the regular process of business. *Some of it* was used by us prior to the time we learned the P. J. Lawrence Lumber Company was incorporated. I do not know how much of it."

Considering the above evidence in the light most favorable to respondent and admitting as true every fact and inference that may be reasonably deduced from the evidence, we think the statement complained of is fully borne out by the evidence adduced.

However, the record discloses that the appellant addressed and mailed the order for the carload of lumber to the respondent; that there was no evidence adduced tending to show that the respondent knew, at the time it delivered the lumber to the appellant, that appellant intended to deal with P. J. Lawrence and not with it; and that appellant accepted and retained all the lumber and at no time made any offer to return it.

In view of this evidence we deem it immaterial whether or not the appellant disposed of the lumber before or after it had knowledge that it belonged to the respondent. The plea that all of the lumber was disposed of by the appellant before it had such knowledge is no defense to this action.

The Commissioner recommends that the motion for rehearing be overruled.

PER CURIAM:—The foregoing opinion of BRUERE, C., is adopted as the opinion of the court; and the motion for rehearing is overruled. *Allen, P. J.,* and *Becker* and *Daues, JJ.,* concur.