S. L. & D. Dress & Costume Co., Inc., Plaintiff, Respondent, *v.* David D. Eckstein, Doing Business under the Name and Style of Eck Shop, Defendant, Appellant.

Supreme Court, Appellate Term, First Department, June 24, 1924.

Sales — action for goods sold and delivered — schedule of claim annexed to complaint pursuant to Civil Practice Act, § 255-a — failure of answer to comply with said section — general denial of defendant as to sale proper — judgment reversed where ruling striking out general denial and permitting proof on issue raised thereby placed burden of proof on defendant.

In an action for goods sold and delivered, wherein there was annexed to the complaint a schedule setting forth the numbered items of plaintiff's claim pursuant to section 255-a of the Civil Practice Act, judgment for the plaintiff will be reversed where the defendant properly interposed a general denial as to the sale, since the ruling, striking out the general denial for failure of the answer to comply with said section, was made meaningless by permitting the defendant to offer proofs under his affirmative defense on the very issue raised by his general denial, the effect of which was to confuse the issues on the trial and attempt to place the burden of proof on the defendant, whereas it devolved on the plaintiff.

Appeal by defendant from a judgment of the Municipal Court of the city of New York, borough of Manhattan, ninth district, in favor of plaintiff, after a trial by a judge without a jury.

*Max Zucker,* for the appellant.

*Max Levin,* for the respondent.

*Per Curiam.* This action was brought for goods sold and delivered and plaintiff annexed to its verified complaint a schedule setting forth the numbered items of his claim and the reasonable value and agreed price of each pursuant to section 255a of the Civil Practice Act. Defendant interposed a general denial, also a separate defense to the effect that eight dresses out of the eleven sued for were delivered on memorandum and that two of the dresses were purchased on terms which rendered the bill not due at the time the suit was brought. There is an apparent discrepancy of one dress which is not explained but it seems the parties must have understood it because no reference thereto is made in the record.

At the outset, the court, at plaintiff's request, struck out the general denial on the ground that the answer did not comply with the requirement of section 255a of the Civil Practice Act to the effect that " Thereupon the defendant by his verified answer must indicate specifically the items, if any, which he disputes in respect of

delivery, reasonable value or agreed price." Assuming that the remedy of striking out the answer is appropriate, on which we express no opinion, it is quite evident that defendant disputed neither delivery nor the reasonable value nor agreed price of any of the items, but denied the sale. His general denial was, therefore, perfectly proper. Moreover, the ruling was made largely meaningless by per- mitting the defendant to offer proofs under his affirmative defense on the very issue which was raised by his general denial, namely, that part of the dresses were sent on memorandum and that as to all of them the bill was not yet due. The effect, however, was not only to confuse the issues at the trial, but as tried to place the burden of proof upon the defendant, whereas it manifestly devolved on the plaintiff.

Incidentally, it may be remarked that the record apparently shows undisputably that the bill for the two dresses, amounting to forty-seven dollars, was not yet due; nevertheless judgment has been rendered for the full amount sued for.

Judgment reversed and new trial ordered, with thirty dollars costs to appellant to abide the event.

All concur; present, BIJUR, MULLAN and LEVY, JJ.

Judgment reversed and new trial ordered.