INTERNATIONAL MILK Co., INC., Respondent, *v.* ISAAC COHEN and Others, Copartners Doing Business as I. COHEN & SON, Appellants.

Second Department, January 28, 1927.

Pleadings — complaint — answer — sales — action to recover purchase price of milk delivered by plaintiff to defendant — complaint is in form prescribed by Civil Practice Act, § 255-a, which provides for setting forth items of claim and prices in schedule attached to complaint — general denial of sale and delivery does not raise issue in respect of delivery, reasonable value or agreed price — defendants must deny specifically each item — allegation that transactions resulting in delivery of milk were had with third person does not constitute defense — affidavits show that milk was delivered by plaintiff to defendants and accepted by them — said answer of defendants is sham — motion for summary judgment granted.

In an action to recover the purchase price of milk, in which the complaint is in the form authorized by section 255-a of the Civil Practice Act, in that the items of the claim and the reasonable value or agreed price of each item is set forth in a schedule attached to the complaint, a general denial in the answer does not raise any issue as to the delivery, reasonable value or agreed price of any item specified, but the defendant, in order to raise such issue, must indicate specifically the item which he disputes in respect to those questions.

Allegations in the answer to the effect that the milk was delivered to the defendants through transactions with a third person, raise no issue, since it is shown that the milk was actually delivered by the plaintiff to the defendants, accepted and retained by the defendants, and, therefore, any transactions had with third persons, resulting in the delivery, can have no effect on the plaintiff's right of recovery.

Likewise, allegations to the effect that an action is pending between the defendants and said third person, does not raise any issue in the present case.

The affidavits by the plaintiff distinctly show that the milk in question was delivered to the defendants and was accepted by them, and that they had on previous occasions received, accepted and paid for milk delivered, and, therefore, under the circumstances, the plaintiff's motion to strike out the defendants' answer as sham and for summary judgment was properly granted.

LAZANSKY, J., dissents.

Appeal by the defendants, Isaac Cohen and others, from an order of the County Court of the county of Kings, entered in the office of the clerk of said county on the 13th day of October, 1926, granting plaintiff's motion for summary judgment, made under rules 113 and 114 of the Rules of Civil Practice, and section 476 of the Civil Practice Act, upon the ground that the answer interposed by the defendants was sham.

*Louis Horwitz,* for the appellants.

*John D. Beals, Jr.,* for the respondent.

Kelly, P. J. The complaint alleges that between May 1 and May 8, 1926, the plaintiff sold and delivered to defendants and defendants accepted from the plaintiff certain milk or cream, which plaintiff sets out in a schedule attached to the complaint pursuant to section 255-a of the Civil Practice Act (as added by Laws of 1923, chap. 196), for the agreed price and of the reasonable value of $1,645, and that the defendants agreed to pay said sum therefor. Then follows allegation of demand and failure of defendants to pay.

It is provided in the Civil Practice Act:

" § 255-a. Items of claim may be included in pleadings in actions involving the sale and delivery of goods. In any action involving the sale and delivery of goods, the plaintiff may, in a schedule attached to and forming part of his verified complaint, set forth and number the items of his claim and the reasonable value or agreed price of each. Thereupon the defendant by his verified answer must indicate specifically the items, if any, which he disputes in respect of delivery, reasonable value, or agreed price."

The answer in this action simply denies the allegations as to sale and delivery by general denial. It has been decided by this court in the Fourth Department: " Where a complaint is properly framed under this section, the effect is to take away from a defendant the right to traverse by a general denial the allegations of delivery, reasonable value or agreed price. If defendant desires to controvert the items or any of them in respect to those matters or either of them, he must do so by specifically denying the numbered item or items in the respect controverted. Notwithstanding a general denial in the answer, any item not specifically denied stands admitted in respect to delivery, reasonable value or agreed price as stated in the schedule. No motion to strike out or to compel amendment is necessary." (*Innis, Pearce & Co.* v. *Poppenberg, Inc.,* 213 App. Div. 789.) The appeal is submitted to us without argument, and we are not favored with any discussion by defendants, appellants, on this rather important proposition.

The defendants in their points comment upon the fact that the

complaint does not allege a specific agreement for the sale of the merchandise, and defendants say the action is upon *quantum meruit.* The complaint alleges a sale and also an agreed price. If a defendant admits delivery and agreed price or reasonable value by omitting to specifically point out the disputed items, it seems to me he must plead facts showing why he has not paid the bill.

In the 2d paragraph of the answer the defendants allege:

" *Second.* That whatever transactions were had in connection with the sale and delivery of cream as set forth in the Schedule annexed to the complaint, were not had with the plaintiff herein but with The Valley Dairy Company, Inc., and against the said The Valley Dairy Company, Inc., the defendants have a valid counterclaim, and against the said The Valley Dairy Company, Inc., a cause of action is now pending wherein the defendants herein are the plaintiffs and the said The Valley Dairy Company, Inc., is the defendant in the Supreme Court, Kings County."

But if we analyze the allegation, what is it but a statement that the " transactions " resulting in the delivery of the milk by plaintiff to defendants were not had with the plaintiff but with the Valley Dairy Company? But the fact that the " transactions " were not had with plaintiff but with the dairy company does not affect the plaintiff's claims any more than if they were with Smith, Jones or Robinson. The plaintiff alleges that it sold and delivered merchandise to defendants and that defendants accepted the merchandise. It seems to me that the fact that the merchandise was delivered to defendants under instructions from someone else, does not affect plaintiff's right to recover. The plaintiff cites Lawyers' Reports Annotated (1916D, p. 806) where it is said with citation of cases: " In the case of a purchase of goods, if the purchaser receives the goods and, after notice that they are furnished by another, appropriates them, he ratifies the filling of the order by the other person and there may be a recovery." The plaintiff also cites an Appellate Term decision in the First Department, where the court, speaking of a defendant who testified that he thought he was dealing with the plaintiff in that case as an officer of a corporation, said: " He obtained the property, or at least part of it, as appears by his admission; and he cannot hold it, and yet refuse to pay for it. If he is not liable to plaintiff, then there is no liability to anyone; for it clearly appears that the corporation had nothing at all to do with the transaction. * * * If defendant has a claim against the corporation of which plaintiff is an officer, he can proceed against it; but he cannot defeat the claim in this action merely because of that fact." (*Pizzutielle* v. *Graham,* 56 Misc. 584, 586.) In the affidavits submitted on the

motion, the Valley Dairy Company expressly states that it has no claim against the defendants for the milk which is the subject of the action.

It seems to me, if we have this in mind, viz., that defendants simply say the milk received by them was ordered by someone else, what possible significance is there in the subsequent statement in paragraph 2 of the answer that the defendants have a valid counterclaim against the Valley Dairy Company, Inc., on a cause of action pending in the Supreme Court, Kings county? How is the plaintiff interested in the claim of the defendants against the Valley Dairy Company? It is not alleged in the answer that these claims have anything to do with the plaintiff's milk delivered to and accepted by the defendants. The defense of another action pending is not pleaded.

So much for the pleadings.

The respondent says in its points that since the order appealed from was made, the Supreme Court has granted a motion made by the Valley Dairy Company, Inc., for judgment dismissing the complaint and awarding the Valley Company judgment on its counterclaim in the action referred to in the 2d paragraph of the answer in the case at bar, and it informs us that the plaintiffs in that case (the defendants in the case at bar) have appealed to this court from that order. And the learned counsel for respondent in this case devotes his point V to showing that the Special Term was right in its decision in that case. It will be time enough to decide that question when it comes to us.

If we look at the affidavits used on the motion for judgment in the case at bar, made upon the ground that the answer here interposed is sham, we find that plaintiff submitted an affidavit by one Reynolds, foreman in plaintiff's plant in West Twenty-seventh street, Manhattan, that the milk or cream was taken from the plant in defendants' wagon; that the driver in each case signed receipts for the milk (a sample of which is in the record), acknowledging receipt of the milk from plaintiff " International Milk Co., Inc., 516 West 27th Street, New York." Reynolds also makes affidavit that the cans containing the milk bore the plaintiff's name in large raised letters stamped on the tin.

Plaintiff's president, Blum, makes affidavit that plaintiff's name appeared conspicuously over the door of the plant; that the Valley Dairy Company has nothing to do with the plaintiff and has no office and does not transact business at plaintiff's address. He says defendants have previously purchased milk from plaintiff and paid for it by checks to plaintiff's order. Plaintiff also submitted an affidavit from one Halfpenny, secretary of the Valley

Dairy Company, that said Valley Company has no plant in New York city; that it ships milk or cream to its customers from points outside the city of New York, which milk is delivered at the railroad station; that the Valley Dairy Company did not sell the cream which is the subject of this action to the defendants and has no connection whatever with the transaction set forth in the complaint. Mr. Blum's affidavit calls attention to the fact that when defendants sent their wagon to plaintiff's plant they must have known that the milk was coming from plaintiff and not from the Valley Dairy Company.

It is the fact that certain officers of the Valley Dairy Company are officers of the plaintiff, but Blum, plaintiff's president, makes affidavit that none of the stockholders of either corporation are stockholders in the other corporation, and that the financial and business affairs of the companies are entirely separate.

We are of opinion that the learned county judge was right in regarding the answer of the defendants as sham.

The order of the County Court of Kings county granting plaintiff's motion to strike out the answer as sham, and for judgment, should be affirmed, with ten dollars costs and disbursements.

MANNING, YOUNG and KAPPER, JJ., concur; LAZANSKY, J., dissents upon the ground that defendants presented facts which showed that they were entitled to defend.

Order of the County Court of Kings county granting plaintiff's motion to strike out answer as sham, and for judgment, affirmed, with ten dollars costs and disbursements.