SINRAM BROS., INC., Appellant, *v.* NAPLES REALTY Co., INC., Respondent.

First Department, November 2, 1928.

*Isidor Wels* of counsel [*Moss, Marcus & Wels*, attorneys], for the appellant.

*Charles A. Cerussi*, for the respondent.

MARTIN, J. The plaintiff applied for a preference under rule VI, subdivision 1, of the Supreme Court Trial Term Rules, New York County, in an action to recover $3,720.95 for goods sold and delivered, consisting of coal.

A schedule of sales stating dates, places of delivery and agreed prices was attached to the complaint in compliance with section 255-a of the Civil Practice Act (added by Laws of 1923, chap. 196, as amd. by Laws of 1927, chap. 248). The defendant submitted an answer containing a denial of the allegation of sale and delivery, but not in the form now required by section 255-a of the Civil Practice Act, to entitle the defendant to defend the action.

That section provides that in an action for the sale and delivery of goods, where the plaintiff attaches a statement to a verified complaint setting forth the items of the claim and reasonable value or agreed price of each, the defendant, if he wishes to defend, must in a verified answer indicate specifically the items, if any, which he disputes in respect of delivery or performance, reasonable value or agreed price.

The defendant has not filed such an answer herein. If it were not for the counterclaim for $1,000, the plaintiff would be entitled to judgment on the pleadings. (*International Milk Co.* v. *Cohen*, 219 App. Div. 308.) In the counterclaim so filed defendant alleges that it purchased about 200 tons of coal from plaintiff (the action being for over 311 tons of coal), and that the plaintiff warranted and represented the coal to be of good grade of pea coal, but the warranty and representation were false in that said coal contained smaller sizes and substitutes, and a large quantity of dirt, and was of an inferior and defective class.

It is apparent, therefore, that this alleged counterclaim in any event could apply to a part only of plaintiff's claim. The plaintiff has submitted an affidavit to show that the coal in question was not only accepted but used. The defendant in an affidavit admits that it used a part of the coal and that the use of same began in October, 1927, although no complaint was made until January, 1928.

The rule permits an application for a preference in an action for goods sold and accepted. The court has twice denied plaintiff's application, first on a motion for a preference and then on a motion for a reargument of the former motion.

The sole ground for the denial of the motion appears to be that the complaint was for goods sold and delivered, and not for goods sold and accepted.

The appellant contends that although its complaint alleges a cause of action for goods sold and delivered and not one for goods sold and accepted, it nevertheless is entitled to a preference under the rule, because the goods were delivered to the respondent, retained and accepted, and proof of such delivery and retention by affidavit is equivalent to an allegation of acceptance.

Where it clearly appears by affidavits that the goods were sold and accepted, the plaintiff is entitled to a preference. There may at times be evidence of *bona fide* defenses to a claim which would warrant the denial of such an application, but where it appears that a defense is offered to a part only of a claim for goods sold and accepted, and where it appears that the goods have been used, or where there is any doubt as to the merits of the defense, the plaintiff should be granted a preference.

The object of this rule is to permit a speedy trial of an action for goods sold and accepted, so that the issues may be promptly determined, and its purpose should not be frustrated by the mere filing of such an answer. If we should hold that the filing of an answer containing such a defense is sufficient to defeat a motion for a preference, such practice would be encouraged by the denial of a motion for a preference, with the result that instead of the rule being an aid in the administration of justice, it might be used to defeat an honest claim.

We are, therefore, of the opinion that these orders should be reversed, with ten dollars costs and disbursements, and the motion for a preference granted.

Dowling, P. J., Finch, McAvoy and Proskauer, JJ., concur.

Orders reversed, with ten dollars costs and disbursements, and motion for a preference granted. Settle order on notice.