ABRAHAM LASKER and Another, Copartners, Trading under the Firm Name and Style of LASKER BROTHERS, Respondents, *v.* BENJAMIN GOLDBAUM, Appellant.

Supreme Court, Appellate Term, First Department, May 19, 1932.

*Weinberg & Weinberg [Isaac Weinberg* of counsel], for the appellant.

*Arthur Sussman [Max Speiser* of counsel], for the respondents.

PER CURIAM. The complaint was for goods sold and delivered and was drafted in accordance with section 255-a of the Civil Practice Act. As to allegations of sale, delivery and value, defendant answered by denying these allegations generally, except that he admitted that he purchased merchandise from plaintiffs and paid for same, but denies that the items are as set forth in the complaint and schedule annexed to the complaint. While this form of denial is insufficient under the section cited to raise any issue with respect to delivery, reasonable value or agreed price, no motion to strike out the denial is necessary. (*Innis, Pearce & Co.* v. *Poppenberg, Inc.*, 213 App. Div. 789.) Such a denial has been held sufficient to raise an issue as to sale (*S. L. & D. Dress, etc., Co., Inc.*, v. *Eckstein*, 123 Misc. 525), although in the latter case there was also an affirmative defense pleaded to the effect that the goods were sent on memorandum. Assuming, without deciding, that a motion to strike out would be proper with respect to such a denial in any case, in the instant case as the dates specified in the schedule differed from those alleged in the complaint, the schedule did not comply with section 255-a of the Civil Practice Act, and the motion to strike out should not have been granted. In so far as the order granted plaintiff an examination of defendant as to defense of payment, it was clearly wrong.

Order reversed, with ten dollars costs, and motion denied.

All concur; present, LEVY, CALLAHAN and UNTERMYER, JJ.