THE EDWIN F. GUTH COMPANY, Respondent, *v.* ISIDORE GURLAND, Also Known as ISIDOR GURLAND, Also Known as ISADORE GURLAND, Also Known as ISADOR GURLAND, Doing Business under the Trade Name and Style of I. GURLAND, Appellant.

First Department, December 27, 1935.

*Louis N. Field,* for the appellant.

*Irving R. Krosner* of counsel [*Hilbert I. Trachman,* attorney], for the respondent.

UNTERMYER, J.   The plaintiff brings this action to recover for goods alleged to have been sold to the defendant but delivered to one Theodore Chrisomalis, whose connection with the defendant does not appear.   In accordance with section 255-a of the Civil Practice Act a schedule of the goods is annexed to the complaint. The defendant by his answer denies the allegations of paragraph second of the complaint, which alleges a sale of the goods to him, but he does not sufficiently deny the allegations of paragraph fourth, which, by reference to the schedule annexed to the complaint, sets forth the items of the plaintiff's claim.   For that reason the Special Term granted judgment on the pleadings in favor of the plaintiff with leave to the defendant to amend upon payment of costs.

The sale to the defendant having been denied, judgment on the pleadings could not be granted in favor of the plaintiff, even though the defendant failed to comply with section 255-a of the Civil Practice Act in his denial of the allegations of the complaint which incorporate the items of the plaintiff's claim.   By failing adequately to deny those allegations, the defendant precluded himself from disputing the delivery to Chrisomalis, the reasonable value and agreed price.   He is not precluded from disputing the controverted allegations of paragraph second which seek to charge him as the purchaser of goods delivered to another.   (*S. L. & D. Dress & Costume Co., Inc.,* v. *Eckstein,* 123 Misc. 525; *Lasker* v. *Goldbaum,* 143 id. 775; 3 Carmody N. Y. Prac. § 933.)   He is no more precluded from disputing the sale to him than he would be precluded from disputing the incorporation of the plaintiff if he had tendered such an issue.   Section 255-a of the Civil Practice Act does not

provide that a defendant who fails to " indicate specifically the items, if any, which he disputes " is thereby deprived of all opportunity to defend but only that " delivery or performance, reasonable value, or agreed price " are deemed to be admitted unless the denial is in the prescribed form.

*Sinram Bros., Inc.*, v. *Naples Realty Co., Inc.* (224 App. Div. 369), on which the respondent relies, was concerned with the plaintiff's right to a preference under former rule VI, subdivision 1, of the Trial Term Rules of the Supreme Court of New York County (now rule V), which provided for such a preference where the plaintiff seeks to recover " for goods sold and accepted," and which now reads " for goods sold, delivered and accepted." The defendant had not denied in the manner required by section 255-a of the Civil Practice Act the plaintiff's allegation that the goods for which the action was brought had been "sold and delivered" to the defendant. The briefs on appeal disclose that the defendant merely contended that the case was not within the scope of former rule VI, because the complaint alleged a " sale and delivery " rather than a " sale and acceptance." The question presented in the instant case was neither discussed in the briefs nor was it considered by this court.

The order should be reversed, with twenty dollars costs and disbursements, and the motion denied, with ten dollars costs.

McAvoy, Merrell, O'Malley and Glennon, JJ., concur.

Order reversed, with twenty dollars costs and disbursements, and motion denied, with ten dollars costs.