EMMA ANDERSON, Individually and Doing Business under the Firm Name and Style of ANCON Co., Appellant, *v.* THE CITY OF NEW YORK, Respondent.

Second Department, January 29, 1940.

*Ira L. Tilzer* [*Jerome Otis Ellis* with him on the brief], for the appellant.

*Albert Cooper* [*William C. Chanler*, *Corporation Counsel*], for the respondent.

PER CURIAM. Prior to his death on March 24, 1937, John Anderson did business under the trade name of Ancon Co. On his death his widow, Emma Anderson, continued business under the same trade name, she being the sole beneficiary under her husband's will. Between March 1, 1937, and March 27, 1937, the defendant issued six open market orders to the Ancon Co. Such orders are permissible where the amount initially involved is $1,000 or less and appropriate authority has been given for their issuance. The issuance of these open market orders was properly authorized. They were issued for the use of certain equipment which was delivered to the defendant and made use of during the periods specified in the requisitions. The total amount due on these open orders ranged from $259.20 to $1,478.40 and the total of all six orders was $4,008.80.

The city refused to make the payments due under the orders and plaintiff brought this action. The complaint sets out six causes of action, one on each open market order. She annexed to her complaint, in conformity with section 255-a of the Civil Practice Act, a schedule which detailed the equipment and unit price for the rental thereof on the several days it was used, with an allocation of each item to the appropriate open market order. The defendant interposed an answer which, in effect, admitted the use by it of the equipment, etc., but denied liability and set up four affirmative defenses. The denials were not supplemented in a manner conforming to section 255-a of the Civil Practice Act so as to raise an issue respecting the delivery, performance, reasonable value or agreed price of the several items set out in the complaint. The answer also set out a counterclaim for $1,025. The plaintiff interposed a reply to this counterclaim alleging, *inter alia*, that the defendant was not the proper party to enforce such a counterclaim.

The plaintiff moved on an affidavit of her son, Angor Anderson, to strike out the answer and for summary judgment under rule 113 of the Rules of Civil Practice. The defendant made a cross-motion to dismiss the complaint and for summary judgment.

The Special Term denied plaintiff's motion except in so far as it dismissed the counterclaim, and granted defendant's cross-motion for summary judgment dismissing the complaint. From the order and judgment entered pursuant thereto, except as to the dismissal of the counterclaim, plaintiff appeals. The defendant does not appeal from the dismissal of its counterclaim.

The defendant, under the defenses which it interposes, invokes the fact that Angor Anderson, son of the plaintiff, was manager and bookkeeper of the Ancon Co. and at the same time held a position as investigator and interviewer in the emergency relief bureau; hence was an employee of the city of New York. It asserts that this dual relationship invalidates plaintiff's claims. It will suffice to state our views in a somewhat summary manner.

Section 1533 of the Greater New York Charter does not render void and unenforcible the open market orders under which plaintiff furnished services and equipment. The plaintiff does not come within the language of that section. There is no evidentiary showing that the plaintiff's son was the real party in interest under these contracts. If there had been such a showing the section would have application. On the contrary, it affirmatively appears that he has no interest in the contracts. The fact that he was an employee of the city at the same time that he was an employee of the plaintiff and her husband and when they, respectively, were doing business under the trade name Ancon Co. does not invalidate the contracts which vest in the plaintiff. There is no evidentiary claim that there was any conflict of duty or hours of employment in connection with the two positions occupied by plaintiff's son. There is no claim that the services rendered under the contract had any relation to the duties which the son rendered to the city in his position in the emergency relief bureau. There is no evidentiary claim that the city did not get the full benefit of the services rendered and the equipment furnished under the open market orders.

The case of Seaman v. City of New York (172 App. Div. 740; affd., 225 N. Y. 648), upon which the city relies, concerned a city employee who was the contracting party under a contract which was held to be invalid because it was repugnant to the common law and violative of section 1533 of the Greater New York Charter.

The defenses, based on the claim that certain of the open market orders were in excess of the $1,000 statutory maximum, are without validity. (Swift v. Mayor, etc., of City of New York, 83 N. Y. 528; People v. Kane, 161 id. 380.) The unit price fixed in defendant's market orders and the indefinite character of the reference to the number of units or hours the equipment would be used enabled the

city, if it so desired, under the language of its own instrument, to limit the expenditures to $1,000, and the fact that it directed the user of a number of units which carried it beyond the $1,000 limit, does not enable it to disavow its just debt by invoking section 419 of the charter. The city exercised this power under similar language in order No. 38 and kept the total below $1,000, although the estimate was $1,047.20.

The defenses based on a claim of unauthorized services as being in violation of sections 419 and 1542 of the charter, have no evidentiary basis to sustain them.

The defendant did not make an evidentiary showing to sustain its denials of the allegations of the complaint, which is indispensable under rule 113 of the Rules of Civil Practice, to defeat plaintiff's motion. However, the general denials in the answer were insufficient to raise an issue under section 255-a of the Civil Practice Act, with the provisions of which the plaintiff complied in her complaint. (*International Milk Co., Inc.*, v. *Cohen*, 219 App. Div. 308.)

The order, in so far as it denies plaintiff's motion to strike out the answer and for summary judgment under rule 113 of the Rules of Civil Practice, and grants defendant's cross-motion to dismiss the complaint and for summary judgment, and the judgment entered thereon, in so far as appealed from, should be reversed on the law, with ten dollars costs and disbursements, the plaintiff's motion granted and the defendant's cross-motion denied, with ten dollars costs, and judgment directed to be entered in favor of plaintiff.

Lazansky, P. J., Hagarty, Carswell, Adel and Taylor, JJ., concur.

Order, in so far as it denies plaintiff's motion to strike out the answer and for summary judgment under rule 113 of the Rules of Civil Practice, and grants defendant's cross-motion to dismiss the complaint and for summary judgment, and the judgment entered thereon, in so far as appealed from, reversed on the law, with ten dollars costs and disbursements, the plaintiff's motion granted and the defendant's cross-motion denied, with ten dollars costs, and judgment directed to be entered in favor of plaintiff.