ROTHSCHILD BROTHERS, Plaintiff, v. A. E. REDMAN, Defendant.

Supreme Court, Trial and Special Term, Tompkins County, December 29, 1947.

*Allan H. Treman* and *L. Nelson Simmons* for defendant.

*Aaron G. Mintz* for plaintiff.

DEYO, J. A general denial is insufficient to put in issue the items constituting a plaintiff's cause of action for goods sold and delivered in respect to delivery, performance, reasonable value or agreed price, where the complaint is drawn in compliance with section 255-a of the Civil Practice Act. (*Bertolf Brothers, Inc.* v. *Leuthardt,* 261 App. Div. 981; *Anderson* v. *City of New York,* 258 App. Div. 588; *Raymond* v. *Davy,* 160 Misc. 388.) Therefore, a bill of particulars may not be required concerning such items which are presumed to stand admitted in

the absence of specific denials. (*Dairymen's League Co-op. Assn., Inc.,* v. *Levy Dairy Co.,* 225 App. Div. 475.) However, where the plaintiff, as here, does not number the items in the schedule attached to the complaint, he fails to present his claim in the issuable form contemplated by the section, and the defendant is not bound to specific denials, the general denial being sufficient. (*Innis, Pearce & Co.* v. *Poppenberg, Inc.,* 213 App. Div. 789.) Hence, the demand for a bill of particulars was proper, and the plaintiff not having moved to vacate or modify the notice within ten days, in accordance with rule 115 of the Rules of Civil Practice, will be precluded from giving evidence at the trial concerning the items of which particulars were demanded, unless such particulars be furnished or the plaintiff otherwise move as to the demand, within ten days of the service of a copy of the order to be granted herein, with notice of entry thereof.

Submit order accordingly.

Ten dollars costs to the defendant.