■ IAS BICOR CORPORATION, Respondent, v. SAMUEL MEZRAHI et al., Appellants.— In an action to recover $3,873.97 as the reasonable value and agreed price of certain machinery and machinery parts allegedly sold and delivered by plaintiff to the defendants, in which the court, by order dated July 2, 1963, granted plaintiff's motion for judgment on the pleadings (former Rules Civ. Prac., rule 112) to the extent of dismissing defendants' counterclaim to recover $20,000 allegedly deposited by them with plaintiff pursuant to a contract between plaintiff and a certain corporation (not a party to the action), with leave to defendants to serve an amended answer "setting forth sufficient ultimate facts" to sustain their counterclaim and with leave to plaintiff thereafter to renew its motion; and in which the defendants thereafter served an amended answer to which the plaintiff served its reply, the defendants now appeal from a combined order and judgment of the Supreme Court, Kings County, entered November 29, 1963, which "considered" plaintiff's renewed motion for judgment on the pleadings under rule 112 of the former Rules of Civil Practice as a motion for summary judgment pursuant to CPLR 3212; granted such motion; dismissed defendants' said counterclaim; and directed recovery by plaintiff of the full amount claimed by it in its complaint. Judgment and order reversed on the law, without costs, and plaintiff's motion denied. It was error to treat this motion for judgment on

the pleadings (former Rules Civ. Prac., rule 112), made in a pre-CPLR action, as one for summary judgment under CPLR 3212. The complaint was served pursuant to section 255-a of the former Civil Practice Act. A general denial of this complaint, absent any evidentiary showing, does not raise an issue of fact sufficient to defeat a motion for summary judgment (*Bertolf Bros.* v. *Leuthardt,* 261 App. Div. 981; *Anderson* v. *City of New York,* 258 App. Div. 588; *International Milk Co.* v. *Cohen,* 219 App. Div. 308). Such a denial is sufficient in form, however, to controvert essential allegations of the complaint so as to bar judgment on the pleadings (*Guth Co.* v. *Gurland,* 246 App. Div. 67; *S. L. & D. Dress & Costume Co.* v. *Eckstein,* 123 Misc. 525; see Carmody, New York Practice [7th ed.], § 467, p. 483). In consequence, the motion addressed to the pleadings cannot be deemed one for summary judgment (CPLR 10003). The original answer has been amended. Assuming such amendment was not warranted under the permission granted by the prior order of July 2, 1963, the remedy available to plaintiff was a motion to strike out the excessive portions (*Beverly Milk Yonkers Co.* v. *Conrad,* 5 A D 2d 682; *Reiner* v. *Kane,* 25 Misc 2d 477). Absent such a motion and having retained the amended answer and having served a reply thereto, the plaintiff must be deemed to have waived the defects, if any, in such answer and to have consented to accept it (see *Stevenson* v. *News Syndicate Co.,* 302 N. Y. 81, 87). The dismissal of the counterclaim, in which it is alleged that the defendants deposited money with plaintiff, "which sum plaintiff agreed to return" under certain circumstances, was also erroneous. Giving the defendants every fair and reasonable intendment to be implied from the allegations of the counterclaim (*Condon* v. *Associated Hosp. Serv.,* 287 N. Y. 411, 414), the counterclaim can be read as alleging an agreement directly between the parties by which plaintiff undertook to return the deposit to defendants in the event the plaintiff was unable to perform. Ughetta, Acting P. J., Christ, Brennan, Hill and Hopkins, JJ., concur.